James ANDERSON et al., as Trustees of Hermann Hospital Estate,
Appellants,

v.

UNITED STATES of America and The Veterans Administration,
Appellees.

No. 15700.

United States Court of Appeals
Fifth Circuit.

Feb. 10, 1956.

---

John H. Crooker, Jr., Houston, Tex., (Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., of counsel) for appellants.

Reginald W. Barnes, Roger P. Marquis, Attys. Dept. of Justice, Washington, D. C., Perry W. Morton, Asst. Atty. Gen., Malcolm R. Wilkey, U. S. Atty., Houston, Tex., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

This action was filed June 15, 1955, by appellants, as trustees of the Hermann Hospital Estate, against the United States and the Veterans Administration, seeking a declaratory judgment determining the rights and legal relations of the parties with reference to 180.129 acres of land out of a 199-acre tract, which had been condemned and appropriated to a public use and title thereto vested in the United States by a final judgment of the court below on the 14th of October, 1948. The compensation to which said trustees were entitled was also fixed in said judgment and subsequently paid by the United States. The complaint alleges that the United States has abandoned all plans to devote this property to any public use, and will sell the same to some private purchaser, who may put it to a non-public and unrestricted use unless restrained by an injunction of said court.

The United States moved to dismiss the complaint (1) for lack of jurisdiction of the subject matter and of the parties; (2) because the Veterans Administration is not a body corporate and is not suable

under any act of Congress; (3) in the alternative, because the service of process was upon the chief attorney of the regional office of the Veterans Administration, and said attorney was without authority to accept service of process that did not meet the requirements of Rule 4(d) of the Federal Rules of Civil Procedure, 28 U.S.C. Therefore, it was claimed that said service was ineffective to give the court below jurisdiction of said Veterans Administration. Also in the alternative and finally, the United States said that the complaint failed to state a claim upon which relief could be granted. This contention is broad enough to include the defense of res judicata, since it appears from the face of the complaint that title to the property was vested in the United States by a final judgment in the condemnation proceedings, and no legal ground of invalidating the judgment is alleged in the complaint.

■ The only allegation of jurisdiction in the complaint is that the same is granted under Sec. 1331, Title 28, of the United States Code. This section confers original jurisdiction on the district courts of all civil actions wherein the matter in controversy exceeds the sum or value of $3000, exclusive of interest and costs, and arises under the constitution, laws, or treaties of the United States. This section cannot be relied on for that purpose, since the United States cannot be sued without its consent. The appellants do not allege a claim for money damages cognizable under 28 U.S.C. § 1346(a)(2); and there is no statute authorizing an injunction against the United States. Belknap v. Schild, 161 U.S. 10, 16 S.Ct. 443, 40 L.Ed. 599; Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 703, 69 S.Ct. 1457, 93 L.Ed. 1628. Furthermore, the Declaratory Judgments Act, 28 U.S.C. § 2201, does not grant any consent of the United States to be sued. Love v. United States, 8 Cir., 108 F.2d 43. Cf. Blackmar v. Guerre, 342 U.S. 512, 515–516, 72 S.Ct. 410, 96 L.Ed. 534; Trueman Fertilizer Co. v. Larson, 5 Cir., 196 F.2d 910; Mitchell v. United States, D.C., 111 F.Supp. 104, 105.

■■ The United States is the owner in fee simple of the land in question, and is an indispensable party to this suit; but since it cannot be made a party, because it has never consented to be sued in an action of this kind, the court below did not err in dismissing the complaint. The right of the United States to dispose of its property, which is no longer needed for essential governmental purposes, is recognized by Article 4, Sec. 3, clause 2, of the Constitution. Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27; United States v. Forbes, D.C., 259 F. 585, affirmed 5 Cir., 268 F. 273; Old Dominion Land Co. v. United States, 4 Cir., 296 F. 20, affirmed 269 U.S. 55, 46 S.Ct. 39, 70 L.Ed. 162; City of Springfield v. United States, 1 Cir., 99 F.2d 860, 863.

Affirmed.