Mrs. Louise Bisbey **STEWART** et al., Appellants,

v.

**UNITED STATES** of America et al., Appellees.

No. 16124.

United States Court of Appeals, Fifth Circuit.

March 1, 1957.

Rehearing Denied April 5, 1957.

Albert J. DeLange, Houston, Tex., De Lange, Hudspeth & Pitman, C. M. Hudspeth, Eugene J. Pitman, Houston, Tex., for appellants.

Richard C. Peet, Atty., Dept. of Justice, Washington, D. C., Perry W. Morton, Asst. Atty. Gen., S. Billingsley Hill, Atty., Dept. of Justice, Washington, D. C., Malcolm R. Wilkey, U. S. Atty., Houston, Tex., Arthur L. Moller, Asst. U. S. Atty., Houston, Tex., Roger P. Marquis, Atty., Dept. of Justice, Washington, D. C., for the United States.

Before RIVES, TUTTLE and CAMERON, Circuit Judges.

CAMERON, Circuit Judge.

Mrs. Louise Bisbey Stewart et al., claiming to be the owners of mineral interests in lands situated in Galveston County, Texas, brought this action against the United States, Charles E. Wilson, Secretary of Defense, Charles S. Thomas, Secretary of the Navy, Douglas McKay, Secretary of the Interior, and Edward Woozley, Director of Land Management, Department of Interior, all non-residents of the State of Texas, to quiet title to said mineral interests and to cancel certain clouds on their title, and to recover damages for trespass upon said mineral interests. The complaint alleged that the United States had attempted condemnation of the land, but that, for reasons there set forth, the proceedings did not vest title to the oil, gas and other minerals in the United States, and that, if title thereto ever entered the United States, it had been abandoned; but that, notwithstanding said lack of title, the United States, through the individual defendants, was committing trespasses upon said mineral interests and was advertising for bids with the view of selling mineral rights to others.

Summons was served on the United States Attorney and mailed to the Attorney General, and a summons was served on each of the individual defendants by the United States Marshal in Washington, D. C. The United States moved to dismiss the action because of lack of jurisdiction, and each of the individual defendants moved to quash the service and return of the summons served respectively upon him and to dismiss the suit. Briefs were filed and the Court below entered an order dismissing as to the United States, and quashing the service and return of process on each of the individual defendants, but overruling their motions to dismiss. The order also granted leave to plaintiffs to amend.

An amended complaint was filed against the same defendants and, in addition, against the Placid Oil Company, a corporation under the laws of Delaware, authorized to do business in Texas. It was alleged that the original defendants had executed oil and gas leases to the Placid Oil Company, and that said oil company had entered or was about to enter upon the property to drill for, remove and convert to its own use, oil and gas from said land. The amended complaint asked the issuance and service of process on the oil company and a letter to the clerk made a like request, but the record does not disclose whether summons was ever issued or served on the Placid Oil Company and no appearance has been made for it.

The amended complaint prayed that title to the described mineral interests be quieted in plaintiffs, that all clouds and encumbrances be cancelled, that the condemnation proceedings be reviewed and corrected, that the oil and gas leases be cancelled and declared void, and that the parties be enjoined from performing them. The complaint also prayed for the recovery of damages against each of the

defendants growing out of the trespasses committed on said property.

With the amended complaint was filed a motion for an order for service on the named government officials under 28 U.S.C.A. § 1655 and Rule 4 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Without the filing of any pleadings to the amended complaint on behalf of any of the defendants,[1] the Court rendered a memorandum opinion upon which judgment was entered, denying the motion for issuance of process under said § 1655, and dismissing the action as against all defendants. Plaintiffs appeal from said order as it relates to each of the defendants, claiming that the Trial Court erred in each and all of the rulings above set forth.

■ The order appealed from was manifestly right in dismissing the action against the United States. It has not consented to suit in this character of proceeding, and the Court was without jurisdiction and correctly dismissed the suit as far as it sought any judgment against the United States. State of Minnesota v. United States, 1939, 305 U.S. 382, 59 S.Ct. 292, 82 L.Ed. 235; United States v. Shaw, 1940, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; United States v. United States Fidelity & Guaranty Co., 1940, 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894; and Larson v. Domestic & Foreign Commerce Corp., 1949, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628.[2]

■ It is equally plain that the Court's original action was correct in quashing the service and return on each summons as it was sought to be served on each of the government officials. The process of the Court below could be served only in the State of Texas, Rule 4(f), F.R.C.P., and the attempted service in Washington, D. C. was without effect and was properly quashed. Plaintiffs insist that the Court ought to grant them relief of the nature recognized in such cases as United States v. Lee, 1882, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171, and Land v. Dollar, 1947, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209, directed towards control of the acts of the individuals assuming to act for the United States. That question might well be before us if the Court had acquired jurisdiction over the individual defendants; but in the absence of such jurisdiction we cannot consider it.

■ Inasmuch as the rights of the defendants, other than the United States, who may be asserting any title or possessory interest in the lands came through the United States, it is an indispensable party to any relief which might be sought based upon or affecting title to the lands or any interest therein. Leiter Minerals, Inc., v. United States, 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267, and Anderson v. United States, 5 Cir., 1956, 229 F.2d 675.

■■ It is well settled under the decisions of this Court that no decree can be entered affecting the title to property or cancelling any cloud thereon unless all of the parties interested in the title or in the particular cloud and who will be directly affected by any judgment that may be rendered are properly before the Court. Hudson v. Newell, 5 Cir., 1949, 172 F.2d 848, and cases cited; Mackintosh v. Marks' Estate, 5 Cir., 1955, 225 F.2d 211, and Estes v. Shell Oil Co., 5 Cir., 1956, 234 F.2d 847. Since the United States is so interested and can not be brought before the Court, no suit can be maintained which seeks to quiet plaintiffs' asserted title or to cancel any asserted cloud thereon.

---

1. The amended complaint was filed February 7th and the Court rendered the memorandum opinion March 2nd. Certain phases of the merits were adverted to, but the dismissal was not on the merits but for lack of jurisdiction.

2. Plaintiffs claim that such consent is given in 28 U.S.C.A. § 2410, but a reading of that statute shows that it applies only to suits relating to government liens. And cf. Jones v. Tower Production Co., 10 Cir., 1943, 138 F.2d 675 and United States v. Goltra, 1941, 312 U.S. 203, 61 S.Ct. 487, 85 L.Ed. 776.

■ This holding disposes also of the contention that the Court erred in not ordering the individual non-resident defendants to be brought in by service under the provisions of 28 U.S.C.A. § 1655. That statute provides, by its terms, for bringing in absent defendants only in proceedings *in rem* such as suits to remove clouds upon title to real or personal property. It cannot be invoked to aid service upon absent defendants sued *in personam*.[3] Since the *in rem* features of this suit may not be pursued because of the absence of an indispensable party, the statute has no application.

■ It does not appear that Placid Oil Company was before the District Court by service of process or by appearance, nor that it is a party to this appeal. See 2 Am.Jur., Appeal and Error, § 241 and 4 C.J.S., Appeal and Error, § 398, p. 863. Nothing herein said, therefore, shall be construed to affect the rights or remedies of the plaintiffs, appellants, if any, as against Placid Oil Company. As respects all other named parties, the judgment is

Affirmed.

CAMERON, Circuit Judge (concurring in part and in part dissenting).

I concur in the affirmance of the judgment of the Court below as to all parties except Placid Oil Company; and in the opinion with the exception of the last paragraph.

In my opinion, the amended complaint stated an actionable claim against Placid Oil Company. It is well settled under the decisions of this Court referred to in the majority opinion (Hudson, Mackintosh and Estes) that a personal action for trespass and for an accounting and money damages may be maintained against any party properly before the Court even though recovery against such a defendant may involve deciding on a land title in which others not before the Court are interested. If, as alleged in the amended complaint, appellants own the oil, gas and other minerals and, with notice thereof, Placid Oil Company should remove minerals from the premises or commit any other actionable trespass thereon, appellants would be entitled to such damages as they may be able to establish.[4]

The Court below ought not, in my opinion, to have dismissed the amended complaint against Placid. It was filed and served by leave of the Court on February 7, 1956. Under Rule 3, F.R.C.P., this was the "commencement of the civil action" against Placid. Under Rule 4, it was incumbent upon the Clerk to "forthwith issue a summons and deliver it for service to the marshal * * *"[5]. Without waiting for any party to plead to the amended complaint, the Court below, on March 2, 1956, filed its memorandum opinion ordering the amended complaint dismissed as to all parties for want of jurisdiction. This was, in my opinion, plain error because the Court did have jurisdiction of Placid and a claim against it was stated in the complaint.

Appellants' claim to the minerals was based upon certain alleged defects or shortcomings in condemnation proceedings which had been conducted by the United States and upon the asserted right of reacquisition under a statute

---

3. Trueman Fertilizer Co. v. Larson, 5 Cir., 1952, 196 F.2d 910; and cf. Appalachian Elec. Power Co. v. Smith, 4 Cir., 1933, 67 F.2d 451, certiorari denied 1934, 291 U.S. 674, 54 S.Ct. 458, 78 L.Ed. 1063; and Blackmar v. Guerre, 1952, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534.

4. The amended complaint bases jurisdiction both on diversity, 28 U.S.C.A. § 1332(a) (1), and on the presence of a federal question, 28 U.S.C.A. § 1331.

5. In addition, appellants' attorney, who did not reside in the same city with the Clerk, wrote a letter requesting the issuance of summons and offering to put it in the hands of the marshal, transmitting additional copy of the complaint for use in completing service on Placid. The Clerk seems to have done nothing towards issuance or service of summons.

passed in 1944 and repealed in 1949. The record of the condemnation proceedings was not before the Court below and is not before us.

In the hearings conducted by the Court below in connection with the original complaint and pleadings filed by the parties then before the Court,[6] arguments were advanced going to the merits including asserted estoppel and *res judicata*. None of those questions were reached by the Court below because the dismissal was for want of jurisdiction. The only question arising from the amended complaint as against Placid was whether the Court had venue jurisdiction and whether the complaint stated a claim upon which relief could be granted. The Court did not consider either of those points and, in my opinion, it was bound to do so and to give an affirmative answer to them.

Appellants perfected their appeal against Placid including it as an adverse party in the notice of appeal, in the statement of points to be relied upon and in the bond. They are in my opinion entitled to have their day in Court as against Placid and to whatever rights they are able to establish, based upon their assertion of them on the date the amended complaint was filed. I think the judgment of the lower Court dismissing as to Placid should be reversed and the case remanded so that appellants may pursue whatever claims they may have against Placid.

PER CURIAM.

The petition for rehearing is denied because a majority of the Court consisting of the same Judges who concurred in the judgment, so determines. Fifth Circuit Rule 29, 28 U.S.C.A.

Denied.

6. Placid was not then a party to the proceedings, having been brought in by the amended complaint with respect to which no pleadings were ever filed by any party.