Charles L. **WARD**, Appellant,

v.

**HUMBLE OIL & REFINING CO.**, Union Producing Co., Alexander F. Chisholm, Stewart L. Udall, Secretary of the Interior, Appellees.

No. 19488.

United States Court of Appeals
Fifth Circuit.
Aug. 15, 1963.

---

A. S. Scott, Jr., Laurel, Miss., for appellant.

M. M. Roberts, Hattiesburg, Miss., William S. Boyd, Jr., Laurel, Miss., Joe A. Thompson, E. L. Brunini, Brunini, Everett, Grantham & Quin, Jackson, Miss., Boyd & Holifield, Laurel, Miss., Ramsey Clark, Asst. Atty. Gen., Roger P. Marquis, George R. Hyde, S. Billingsley Hill, Attys., Dept. of Justice, Washington, D. C., Robert E. Hauberg, U. S. Atty., Edwin R. Holmes, Jr., Asst. U. S. Atty., Jackson, Miss., for appellees.

Before RIVES and CAMERON, Circuit Judges, and BOOTLE, District Judge.

BOOTLE, District Judge.

Appellant claiming to be the owner of surface rights and an undivided one-half oil, gas and other mineral estate in, on and under Lot 17, Section 20, Township 10 N., Range 11 W. second judicial district of Jones County, Mississippi, a tract triangular in shape, lying immediately south of the boundary between Jones and Jasper Counties allegedly containing 11.-24 acres and being the only part of Section 20 lying in Jones County, filed his complaint in the district court seeking cancellation, as a cloud upon his title, of a certain oil and gas lease thereon, dated September 1, 1952, executed by the Bureau of Land Management, Department of the Interior, United States Government, which lease is now owned jointly and equally by two of the named defendants, Humble Oil & Refining Company and Alexander F. Chisholm. This lease describes said land as containing 6.24 acres. Appellant named also three other defendants, Union Producing Company, The Secretary of the Interior, and his duly appointed and acting Director, Bureau of Land Management. Service was never attempted upon the Director. By order of the district court, the United States Marshal in Washington, D. C., personally served a copy of the summons and complaint on the Secretary of the Interior in Washington, D. C.

The complaint originally asserted jurisdiction on the basis of diversity of citizenship, but by amendment asserted jurisdiction "by reason that complainant's rights are derived under the constitution and laws of the United States of America in that his claim and right arises under the enactment of the United States Congress of the Swamp and Overflowed Land Grant Act of September 28,

1850, (43 U.S.C.A. § 982 et seq.) and also the Act of the United States Congress known as the McLaurin Act (33 Stat. 1258) and that said Right of Action is for more than Three Thousand ($3,000.-00) Dollars, exclusive of interest and cost." The complaint charges the three nonofficial defendants with having committed a trespass and conversion of appellant's property and rights to the oil and gas produced on the leased land and attacks said lease as being ultra vires on the part of the two officials. The appellant prays for cancellation of the lease, an accounting for oil and gas produced, a decree for wilful trespass, damages, including punitive damages and all other proper relief.

The district court, relying upon Mine Safety Appliances Co. v. Forrestal, 326 U.S. 371, 66 S.Ct. 219, 90 L.Ed. 140, entered an order dismissing the cause without prejudice as to the two official defendants, being of the opinion that insofar as the relief was sought against them, the suit was essentially against the United States, and inasmuch as the United States has not consented to be sued in a case of this kind, the suit could not be maintained against its officers, whose challenged actions were taken solely in their official capacities and on behalf of the United States.

The three nonofficial defendants filed their motion to dismiss the action for failure of the complaint to state a claim against them upon which relief could be granted, and their motion to stay the proceedings until a proper party interested on the side of the United States of America should be named a defendant, the United States of America being a necessary and proper party, in that appellant had sought to reach the United States of America and to challenge its rights and authority through the Secretary of the Interior to execute said lease, and said Secretary not being suable in the Southern District of Mississippi. After the court's order dismissing the complaint as to the two official defendants, the nonofficial defendants renewed their attack upon the jurisdiction of the court, urging dismissal of the complaint as to them, urging that the Secretary of the Interior was an indispensable party, and urging also that the Bureau of Land Management then had exclusive jurisdiction over the subject matter of the litigation upon proceedings initiated therein by appellant, which proceedings were still pending, so that appellant had no right to pursue his cause in any court until the administrative remedy had been terminated and his rights therein exhausted. They also filed their motion for summary judgment. This motion for summary judgment was granted by the court. To understand that ruling, we need to examine the contentions of the parties and the evidence adduced in support of the motion.

Appellant claims title under a deed from the tax collector of Jones County to his predecessor in title, dated April 6, 1908. He claims also under two patents, one from the United States to the State of Mississippi, dated April 16, 1858 conveying "Lots 2, 7, 8, 9, 10 and 16 of Section 20, Township 10 N., Range 11 W.", and the other from the State of Mississippi to Jack Ashley, dated April 29, 1882, conveying Lots 2 and 8 of Section 20. On May 20, 1944, appellant and his wife purported to sell and convey to R. E. Smith a one-half undivided mineral interest to the lands in question, which interest Smith later purported to convey to one Garrett who executed a lease thereon, which lease was subsequently assigned to Humble Oil & Refining Co. On August 4, 1947, appellant and his wife executed and delivered to Alexander F. Chisholm an oil, gas and mineral lease covering one-half of the oil, gas and other minerals on and under the land in question. The three nonofficial defendants, with other persons, pursuant to a pooling agreement, are now producing oil from this land. The property started producing about August, 1950, about which time said nonofficial defendants were advised by their attorneys that the property in question had not been divested by patent from the United States of America. Then they, with appellant, sought to

cure and perfect the title in all the parties as their interest therein appeared. On June 11, 1954, the State of Mississippi, through its governor, made application to select this property under the Swamp and Overflowed Land Grant Act of September 28, 1850 (9 Stat. 519, 43 U.S.C.A. § 982). This application was rejected upon the grounds that said property, as appeared from the field notes, was "hilly along the line between Section 20 and 29 (a portion of which line forms one of the long sides of the triangular tract in controversy), otherwise level, broken, soil poor, principal growth pine timber", that other available evidence indicated that the soil is a "sandy clay loam of medium fertility further described as rolling sandhills with pine and hardwood reproduction and wild grasses with only slight sheet erosion", and that the state had submitted no satisfactory or substantial evidence to support a finding that the greater part of the land was swamp land and unfit for cultivation on September 28, 1850. It then became apparent to Humble Oil & Refining Co. and Chisholm that to protect their leasehold interest a lease would be necessary from the United States of America. Such lease was acquired September 1, 1952 and is the subject of this dispute.

Prior to the commencement of this action, and on July 22, 1954, appellant filed with the Department of the Interior an application to purchase the disputed property under the Act of December 22, 1928, (43 U.S.C.A. § 1068) as amended by Act of July 28, 1953 as a Class 2 claim.[1] The acting manager, Eastern States Land Office, rejected the application for a Class 2 claim because the certificate of conveyances showed that the land was first conveyed on April 6, 1908, but held that appellant was entitled to establish a preference to purchase said land as a Class 1 claim under which all minerals are reserved to the United States, which decision was appealed to the Bureau of Land Management, Department of the Interior, and affirmed. The decision of affirmance pointed out that appellant first listed on the certificate of conveyances two patents issued by the United States on September 28, 1850 and October 9, 1895, respectively, and that an examination of the Bureau's tract book showed that these two entries are for lands other than the lot in question. Said decision decided further that the conveyance from the State of Mississippi to Jack Ashley on April 29, 1882 for Lots 2 and 8, Section 20, Township 10 N., Range 11 W. did not, as appellant contends, convey the lot in question and that appellant showed no conveyance of the lot in question earlier than the 1908 conveyance; that since his appeal, appellant had advised the Bureau that he was no longer asserting his color of title claim, although he had not requested that his appeal be dismissed; that appellant was not entitled to the benefits of the McLaurin Act of March 3, 1905, (33 Stat., Part 1, 1258) for the reason that persons claiming title from the State of Mississippi pursuant to the McLaurin Act must show that the patent issued by

1. A Class 2 claim is one which has been held in good faith and peaceful, adverse possession by a complainant, his ancestors or grantors, under claim or color of title for a period commencing not later than January 1, 1901, to the date of application, during which time they have paid taxes levied on the land by State and Local governmental units. If all of these requirements are met, a patent will be issued conveying title to the land without a mineral reservation to the United States except any minerals which at the time of approval of the application are embraced by an outstanding mineral lease. A Class 1 color of title claim is one which has been held in good faith and in peaceful adverse possession by a claimant, his ancestors or grantors, under claim or color of title for more than twenty years, on which valuable improvements have been placed, or on which some part of the land has been reduced to cultivation. Under a Class 1 claim, all minerals are reserved to the United States. (43 U.S. C.A. § 1068 et seq.; 43 C.F.R. 1954 ed., 140.3).

the State for a sale made by the State prior to March 3, 1905 expressly claimed the right to make the sale by virtue of the Swamp and Overflowed Land Grant Act of September 28, 1850 (43 U.S.C.A. 1958 ed. § 983); that appellant had not submitted evidence of a patent issued by the State which purported to convey title to the lot in question expressly claiming the right to make the sale by virtue of said Act so as to meet the criteria for obtaining title under said Act; and that the tract in question is public land. This order of affirmance, dated June 29, 1960, in addition to affirming the decision of the acting manager to the effect that appellant was not entitled to purchase the lot in question as a Class 2 claim under the Act of December 22, 1928, 43 U.S.C.A. § 1068, also expressly rejected his claim of title pursuant to the McLaurin Act.

Accompanying the motion for summary judgment were properly certified copies of the above mentioned applications and proceedings therein, and also an affidavit that there had been no appeal from said decision of June 29, 1960 and that appellant, through his attorney, had advised the court on a previous hearing that no appeal had been perfected within the time permitted and that he intended taking no further action by way of appeal from said order. Appellant filed a response to said motion in part as follows: "To avoid the appearance of confessing judgment, plaintiff avers that the defendants are not entitled to judgment as a matter of law, because plaintiff contends that as a matter of law he is entitled to sue the Sec. of Interior in this court. If wrong, then he confesses judgment", and an affidavit by appellant's counsel admitting that no appeal had been, or would be, taken from the said order of the Bureau of Land Management, and saying further "plaintiff doesn't care what the Bureau of Land Management or the Department of the Interior adjudicate[s]."

The district court found that the movants were entitled to a summary judg-

ment "as a matter of law based upon admissions against interest of plaintiff and on pleadings and affidavit * * * and other evidence including documentary proof * * * " and entered a summary judgment ordering that appellant recover nothing by his suit and denying him all relief sought and ordering that said three defendants "go hence without day" and recover their costs from appellant.

One of the "admissions against interest" of appellant has been thrice made, (1) in answer to the motion as above quoted, (2) in his notice of appeal as follows:

"The point upon which appellant will rely on appeal is succinctly stated in Plaintiff's Answer to the Motion of Defendants for a Summary Judgment when it was said:

"To avoid the appearance of confessing judgment, plaintiff avers that the defendants are not entitled to a judgment as a matter of law. Plaintiff contends that as a matter of law he is entitled to sue Fred Seaton, Secretary of the Interior here in this court. If not, then he confesses judgment" and

(3) in his brief in this court where the above quoted excerpt from the notice of appeal is again asserted as follows:

"The essential question presented is succinctly stated in the Notice of Appeal and Certification of Error when it was said:

"To avoid the appearance of confessing judgment Plaintiff avers that the defendants are not entitled to a judgment as a matter of law. Plaintiff contends that as a matter of law he is entitled to sue Fred Seaton, Secretary of the Interior here in this court. If not, then he confesses judgment".

The district court was correct in its order dismissing the complaint as to the two official defendants for the reasons asserted by that court and re-

cited above. In addition to Mine Safety Appliances Co. v. Forrestal, supra, see Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168, and Stewart v. United States, 242 F.2d 49 (5th Cir., 1957). Stewart goes further and holds that in a case similar to this, 28 U.S.C.A. § 1655 would not authorize bringing the Secretary in by service under its provisions, saying

> "That statute provides, by its terms, for bringing in absent defendants only in proceedings *in rem* such as suits to remove clouds upon title to real or personal property. It cannot be invoked to aid service upon absent defendants sued *in personam*. [citations omitted.] Since the *in rem* features of this suit may not be pursued because of the absence of an indispensable party, the statute has no application."

The Secretary of the Interior, not being suable in the district court, perhaps this court would be justified in accepting, or in treating the district court as having accepted, appellant's thrice offered confession of judgment. We prefer not to do so, however.

■■ We conclude and hold that the suit should have been dismissed as to the nonofficial defendants as well as with respect to the two officers of the government. As was said in Larson v. Domestic and Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628, 1634, "[t]he issue here is whether this particular suit is not also, in effect, a suit against the sovereign", and as in Larson, the answer here must be in the affirmative. This being a suit in effect against the sovereign to which it has not consented, it was obviously correct to dismiss it as to the official defendants. Larson and Malone so hold. This principle of nonsuability of government officers for acts done by them within the scope of their statutory powers, where those powers and their exercise are not constitutionally void, has been applied to government contractors executing the

will of Congress under authority validly conferred by Congress on them. Yearsley v. W. A. Ross Construction Co., 309 U.S. 18, 60 S.Ct. 413, 84 L.Ed. 554. The same result was reached by this court in Stewart, supra, where one defendant was an oil company holding an oil and gas lease executed by the United States on lands claimed by it. There this court said:

> "Inasmuch as the rights of the defendants, other than the United States, who may be asserting any title or possessory interest in the lands came through the United States, it is an indispensable party to any relief which might be sought based upon or affecting title to the lands or any interest therein. Leiter Minerals, Inc., v. United States, 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267, and Anderson v. United States, 5 Cir., 1956, 229 F.2d 675.

> "It is well settled under the decisions of this Court that no decree can be entered affecting the title to property or cancelling any cloud thereon unless all of the parties interested in the title or in the particular cloud and who will be directly affected by any judgment that may be rendered are properly before the Court. Hudson v. Newell, 5 Cir., 1949, 172 F.2d 848, and cases cited; Mackintosh v. Marks' Estate, 5 Cir., 1955, 225 F.2d 211, and Estes v. Shell Oil Co., 5 Cir., 1956, 234 F.2d 847. Since the United States is so interested and can not be brought before the Court, no suit can be maintained which seeks to quiet plaintiffs' asserted title or to cancel any asserted cloud thereon." 242 F.2d 49, 51.

See also Anderson v. U. S., 229 F.2d 675 (5th Cir. 1956); Leiter Minerals, Inc. v. U. S., 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267 (1957); Calcote v. Texas Pac. Coal & Oil Co., 157 F.2d 216 (5th Cir., 1946); McShan v. Sherrill, 283 F.2d 462, (9th Cir., 1960); Baten v. Nona-Fletcher Mineral Co., 198 F.2d 629, (5th Cir., 1952); Keegan v. Humble Oil &

Refining Co., 155 F.2d 971, (5th Cir., 1946).

This case raises questions of law and fact upon which the United States would have to be heard and which "cannot be tried behind its back." Louisiana v. Garfield, 211 U.S. 70, 78, 29 S.Ct. 31, 53 L.Ed. 92, 97; Mine Safety Appliances Co. v. Forrestal, supra. In Louisiana v. Garfield, supra, the state of Louisiana brought suit in the Supreme Court against the Secretary of the Interior and his Commissioner of the General Land Office to establish title to certain swamp lands and to enjoin the defendants from disposing of the lands. The Court said "We will assume, for purposes of decision that if the United States clearly had no title to the land in controversy we should have jurisdiction to entertain this suit; for we are of opinion that even on that assumption the bill must be dismissed. * * * The United States might and undoubtedly would deny the fact of * * * possession, and that fact cannot be tried behind its back. It follows that the United States is a necessary party and that we have no jurisdiction of his suit. Bill dismissed."

Since the United States is an indispensable party to this case, which is in essence a suit against the sovereign attacking the title which it asserts in itself, and since it has not consented to be sued and hence cannot be brought before the Court, the complaint should have been dismissed as to all parties. It follows that the summary judgment should not have been granted. We do not reach any of the other questions raised.

The case, therefore, is affirmed in part, reversed in part and remanded with directions that the summary judgment be set aside and the complaint be dismissed with respect to the three nonofficial defendants, it already having been dismissed as to all other defendants. Costs of this appeal are assessed against the appellant.