**Gerard A. HARRISON and Harrison Ranch, Inc., Appellants,**

**v.**

**Carey PRATHER and William Prather, Appellees.**

**No. 25636.**

United States Court of Appeals
Fifth Circuit.

Oct. 28, 1968.

Rehearing Denied Nov. 21, 1968.

George F. Woodliff, Heidelberg, Woodliff & Franks, Jackson, Miss., Douglas C. Wynn, Greenville, Miss., Fred W. Moore, Houston, Tex., for appellants.

Philip Mansour, Greenville, Miss., Taylor Webb, Webb & Webb, Leland, Miss., for appellees.

Before GOLDBERG, and AINSWORTH, Circuit Judges, and SPEARS, District Judge.

PER CURIAM:

The judgment of the District Court dismissing this suit as to the defendant, William Prather, is affirmed for the reasons well expressed in the written opinion of Judge Claude F. Clayton (unpublished and therefore appended hereto) insofar as those reasons pertain to the issues on appeal in this matter.

We have given careful consideration to the supplemental memorandum of appellants in which they attempt to obtain reversal of the District Court's dismissal of the suit against defendant William Prather. They assert that service of process against the nonresident, William Prather, under 28 U.S.C. § 1655 is proper because the complaint as amended seeks to establish claims not only to real property, but also to personal property and to an accounting involving funds or personal property within the district. They contend that since William Prather filed a disclaimer only with reference to real property (i. e.

the Woollard Tract), and none pertaining to personal property, Section 1655 authorizes service of process in the Mississippi Federal Court suit against the absent Louisiana resident, William Prather, under the allegations of their pleadings. But the District Judge found—and we agree after considering the original and amended complaint—that the suit seeks to recover *damages* (trebled under 15 U.S.C. § 15) for an antitrust violation in the alleged unlawful interference with the interstate business of plaintiffs, and also seeks a *partition* in kind of the Woollard Tract in Mississippi. However, plaintiffs are not attempting here to enforce a lien or claim to personal property but are alleging a claim for damages for conversion of personal property [1] and for other alleged unlawful activities of defendants. Section 1655, however, is intended to afford relief against property and not to an *in personam* judgment against the nonresident defendant. A mere *in personam* claim will not suffice to support service under the statute. 2 Moore, Federal Practice ¶4.34 [2], §§ 5, 6 and 8, pp. 1251–1252; Stewart v. United States, 5 Cir., 1957, 242 F.2d 49, 52. See also Dry Clime Lamp Corporation v. Edwards, 5 Cir., 1968, 389 F.2d 590, 597.

Plaintiffs state in their first amended original complaint, paragraph XV:

"This suit is not only for damages on account of a tort, that is an unlawful conspiracy and interference with plaintiffs' business and activities in Washington County, Mississippi, but also it is a local action in accordance with the provisions 1655 of Title 28 U.S.C.A., that is, it is an action for partition in kind and to remove cloud from title. * * * Plaintiffs and defendant Carey Prather are in possession of the said Woollard Tract which is susceptable [sic] to fair partition in kind by proper agreement or decision and survey."

In the prayer of the amended complaint plaintiffs seek judgment against defendants jointly and severally for a partition in kind of the Woollard Tract, for $678,825 actual damages trebled and $50,000 exemplary damages, and "judgment for an accounting of defendants in order to make such proper accounting of any property belonging to plaintiffs in accordance with the orders of this court; * * *." Under the circumstances of this case we agree with the District Judge that use of Section 1655 to effect service against the nonresident defendant, William Prather, is not appropriate, and suit as to him was properly dismissed.

Affirmed.[2]

## APPENDIX

CLAYTON, District Judge:

This is an action based on diversity of citizenship alleging fraudulent conspiracy on the part of the defendants Carey Prather and William Prather. Plaintiffs seek to recover treble damages in accordance with 15 United States Code § 15 and in addition seek to have a plot of land known as the "Woollard Tract" partitioned.

The amended complaint [1a] (hereafter referred to as the complaint) alleges generally that during the year 1964 defendants, Carey Prather and William Prather, brothers, entered into a fraudulent conspiracy whereby they intended to fraudu-

---

1. The total damages claimed for conversion of personal property is the sum of $1,594.50.

2. By letter to the Court in the nature of a supplemental brief, appellants ask us to consider the recent decision of the Mississippi Supreme Court in C. H. Leavell & Company v. Doster, 211 So.2d 813 (1968), pertaining to the so-called Mississippi "long-arm" statute, Section 1437, Mississippi Code 1942, Annotated (Supp.1966). Consideration of the Mississippi statute is not pertinent since service of citation on the defendant, William Prather, a Louisiana citizen, was not attempted under the Mississippi "long-arm" statute but was made under the provisions of 28 U.S.C. § 1655.

1a. The original complaint was filed on November 26, 1965. The amended complaint was filed on January 7, 1966, before a responsive pleading was served.

lently acquire a greater part of the real property known as the "Woollard Tract", which is located in Washington County, Mississippi, by damaging the plaintiff's credit. It is alleged that a one half interest in this tract was conveyed originally to the plaintiff, Harrison, and Robert J. Prevot, on January 10, 1963. Subsequently, Prevot is alleged to have conveyed his interest to the defendant Carey Prather. Carey Prather is alleged to have conveyed a portion of his interest to the defendant William Prather who in turn purported to convey said interest back unto him. The complaint further alleges that on the present record, it is uncertain as to the ownership of the defendants' interest in the "Woollard Tract".

On January 10, 1966, the court, pursuant to 28 U.S.C. § 1655 recognizing that the plaintiff sought to cause a partition in the "Woollard Tract," that the defendant William Prather was not a habitant of Mississippi and could not be found here, and had not voluntarily appeared in this action, directed the defendant William Prather, to appear and plead by a day certain. It was further provided that if the defendant, William Prather, did not appear or plead within the time specified by the court, jurisdiction of this action would be entertained in the same manner as if said defendant had been properly served with process within this federal court district. This order was served on William Prather in Louisiana.

On February 2, 1966, the defendants filed a motion to dismiss. The defendant, William Prather, alternatively moved to quash the return of service as to him on the grounds that he is a resident of Louisiana and *has no lien or claim or interest in any lands located in the Northern District of Mississippi*, that he was not properly served, and is not subject to the process of this court. William Prather also alleges that this action is wrongfully laid under § 1655. Additionally, both de-fendants allege that the complaint fails to state a claim upon which relief can be granted and there is no diversity of citizenship as is required. Accompanying this motion, the defendant, William Prather, filed an affidavit in which he alleged that he has no claim or interest whatsoever in any of the land which is the subject matter of this suit.

On February 5, 1966, the defendant, Carey Prather, notified the plaintiff that it would take his deposition on oral examination. On February 14, 1966, the plaintiff filed a motion to have this notice stricken. Plaintiff also sought a ruling from the court that all defendants have entered a general appearance by filing their motion to dismiss. This motion, insofar as it sought to strike the notice of the taking of plaintiff's deposition was sustained. All other matters presented by the motion were expressly reserved for later disposition.

Subsequently, on October 3, 1966, the plaintiff noticed that it would take the deposition on oral examination of the defendant, Carey Prather, and on October 4, 1966, the defendant, Carey Prather, noticed that he would take the deposition of the plaintiff. Pursuant to this notice, the plaintiff was directed by a subpoena duces tecum served by the attorney for the defendants upon one of plaintiffs' attorneys to bring a series of documents and writings.

The record shows also that on October 4, 1966, the defendant, Carey Prather, was served with a subpoena duces tecum ordering him to produce various writings and other instruments. These writings were to be produced on the same date and at the same time as said defendant was to be deposed. On October 7, 1966, said defendant, Carey Prather, moved to quash and/or modify this subpoena duces tecum served on him alleging that there was a failure to comply with provisions of Rule 34, Federal Rules of Civil Procedure,[2] that many of the writings ordered

---

2. Defendant asserts in this motion that Rule 34 requires a motion filed on behalf of the plaintiff showing good cause for the production of matters sought as well as a court order requiring said production.

to be produced were not in the possession or the control of the defendant, and that many of the writings in his control or possession were public record and readily available to the plaintiff.

On October 11, 1966, the defendant, Carey Prather, filed a motion alleging that the plaintiff had failed to comply with the subpoena duces tecum served upon him. Said defendant also alleged in his motion that the plaintiff refused at the taking of his deposition to answer questions concerning the names and addresses of witnesses who would have information relevant to the issues in this case. Therefore, plaintiff moved to have the court direct the plaintiff to produce the records demanded and to respond to all questions propounded to him at the taking of his deposition. The defendant also sought to have the court order the plaintiff to pay the cost of procuring this relief pursuant to Rule 37 Federal Rules of Civil Procedure.

On October 11, 1966, the court stayed all further proceedings in this cause until it could dispose of the motions and other matters pending herein. On 29 November, 1966, the plaintiffs moved to amend the court's stay. The aforementioned motion to dismiss of the defendants, as well as the other pending motions (under the pragmatic assumption that said motion to dismiss would be overruled) were submitted on briefs and affidavits and are now before the court for disposition.

### I.

■■ As stated, in addition to the recovery for money damages, the plaintiff seeks in this action to have the "Woollard Tract" partitioned as between him and the defendants. The term "partition" can be defined as a division between two or more persons of real or personal property, which they own as co-partners, joint tenants, or tenants in common effected by the setting apart of such interest so that they may enjoy and possess it in severalty. 68 C.J.S. Partition § 1, p. 8. Thus an action for the partition of land, by its very nature, presupposes that all the parties therein have some in-

cident of ownership in the land sought to be divided. The Mississippi courts have so held. See e. g. Lynch v. Lynch, 196 Miss. 276, 17 So.2d 195 (1944); Hardy v. Gregg, 2 So. 358 (Miss.1887); Belew v. Jones, 56 Miss. 342 (1879). In 68 C.J.S. Partition § 75q, p. 119 it is stated:

> For obvious reasons, persons having no title or interest in land sought to be partitioned are neither necessary nor proper parties to a partition action or suit.

■ In the present case the defendant, William Prather, has, as a matter of record, denied any incident of ownership in the land for which partition is sought. Thus, by this denial, he would be precluded from claiming any portion of the land to be divided. The fact that this defendant's denial of ownership is traversed by the plaintiff in his affidavit, has no effect on this conclusion, which is clearly one of law. As far as the partition aspects of this action are concerned, the plaintiff can have no complaint in an adjudication that the defendant, William Prather, as a result of his denial of ownership in the land sought to be partitioned, can receive no portion of the property divided.

### II.

Thus the question of this court's jurisdiction as to the defendant, William Prather, emerges. As stated the defendant, William Prather, was served and brought into this action under the provisions of 28 U.S.C. § 1655. That statute provides for bringing in absent defendants only in proceedings *in rem* and cannot be invoked to aid service upon absent defendants sued *in personam*. Ward v. Humble Oil & Refining Company, 321 F. 2d 775 (5th Cir. 1963); Stewart v. United States, 242 F.2d 49 (5th Cir. 1957); Trueman Fertilizer Company v. Larson, 196 F.2d 910 (5th Cir. 1952). Since the *in rem* features of this suit, as they pertain to the defendant, William Prather, can no longer be maintained against him, it necessarily follows that this court is without jurisdiction to proceed *in personam* against him.

But plaintiff asserts that the defendant, William Prather, has waived the right to question personal jurisdiction by moving to dismiss.

■ Under Rule 12(b), Federal Rules of Civil Procedure there is no longer any necessity for appearing specially to protest the court's jurisdiction. 1A Barron & Holtzoff Federal Practice and Procedure (Wright Ed. 1960) § 343, p. 284. Formerly, the failure to appear specially for the purpose of objecting to the jurisdiction of the court or the insufficiency of process or service of process was held to be a waiver of the right to be sued in the proper federal district court. See Shall v. Henry, 211 F.2d 226 (7th Cir. 1954); 1A Barron & Holtzoff, Federal Practice and Procedure (Wright Ed. 1960) § 343, p. 284.

■ This is no longer the rule. All objections to jurisdiction and process may be set up in a motion or answer without waiving any of them. Rule 12(b) Federal Rules of Civil Procedure. In fact, it has been held that a defendant served with process under 28 U.S.C. § 1655 may raise the defense of lack of jurisdiction and also contest the merits, without waiving either the jurisdictional defense or the defense of the merits. Anderson v. Benson, 117 F.Supp. 765 (D.C.Neb.1953).

■ Since the defendant, William Prather, is not a proper party to the partition aspects of this action and no facts appear which would give this court *in personam* jurisdiction as to him, as it now stands he is not properly before the court and his motion to dismiss is good.

### III.

■ Also asserted in the motion to dismiss is the claim that there is no diversity of citizenship which is required by 28 U.S.C. § 1332. The basis of this assertion is that the co-plaintiff, Harrison Ranch, Inc.,[3] has its principal place of business in Mississippi. It is well settled that for purposes of diversity jurisdiction a corporation is a citizen of the state in which it has been incorporated and also the state where it has its principal place of business. 28 U.S.C. § 1332(c). It is equally settled that "complete diversity" must exist for the court to retain jurisdiction of this cause. The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side. e. g. Strawbridge v. Curtiss, 7 U.S. 267 (3 Cranch 267, 1807), 2 L.Ed. 435; 1 Barron & Holtzoff Federal Practice and Procedure (Wright Ed. 1960) § 26.

Thus, if it is found that the Harrison Ranch, Inc. has its principal place of business in Mississippi and, consequently, for purposes of diversity is a citizen herein, then, since one of the defendants is also alleged to be a citizen of Mississippi, there would then be citizens of Mississippi on both sides of the controversy and diversity jurisdiction would not exist. It has been stated that

> The question where a corporation has its Principal place is in every case one of fact, to be determined by taking into consideration such factors as the character of the corporation, its purposes, the kind of business in which it is engaged, and the situs of its operation.

1 Barron & Holtzoff, Federal Practice and Procedure (Wright Ed. 1960) § 26, p. 143.

■ Supporting the claim that the Harrison Ranch, Inc. has its principal place of business in Mississippi, the defendants rely upon statements made by plaintiff in his uncompleted deposition. The plaintiff on the other hand, by affidavit, gives a detailed account of Harrison Ranch's activities outside the state of Mississippi. Some courts have said that on a motion to dismiss for lack of jurisdiction (unlike a motion to dismiss for failure to state a claim) the court may weigh affidavits and other evidentiary materials to determine the requisites for jurisdiction. See Ramirez & Feraud

---

3. The record shows that the plaintiff Harrison owns a substantial portion of the stock in Harrison Ranch, Inc.

Chili Company v. LasPalmas Food Company, 146 F.Supp. 594 (D.C.), affirmed, 245 F.2d 874 (9th Cir. 1957); Williams v. Minnesota Mining & Mfg. Co., 14 F.R. D. 1 (D.C.Cal.1953). On the present state of the record, this court declines so to do. The fact issue of Harrison Ranch, Inc.'s principal place of doing business will be reserved and taken with the case, to allow complete development of the evidence bearing on this question, through discovery and at trial. Collins v. New York Central System, 117 U.S.App.D.C. 182, 327 F.2d 880 (1963).

### IV.

■ The final aspect of the motion to dismiss i. e. that the complaint fails to state a claim upon which relief can be granted, has not been urged by the parties and for present purposes will be considered abandoned.

### V.

Additionally, the defendant's, Carey Prather, motion to quash or modify the subpoena duces tecum served upon him for its alleged failure to comply with the requirements of Rule 34 has also not been urged and it too will be deemed abandoned.

### VI.

■ In opposition to the defendant's, Carey Prather, motion for an order directing the plaintiff to produce the records demanded by the subpoena duces tecum served upon him, the plaintiff asserts that the service of said subpoena on plaintiff's counsel, as opposed to the plaintiff himself, renders such service a nullity. Rule 45(c), Federal Rules of Civil Procedure, provides that:

> Service of a subpoena upon a *person* named therein shall be made by delivering a copy thereof to such *person* and by tendering to him the fees for one day's attendance and the mileage allowed by law. (Emphasis added)

This subpoena was not served in conformity with the rule. Hence, plaintiff's position is well taken. Additionally, it might be added that a deposition notice

served on a party or his attorney cannot lawfully require the production of books and documents. Shenker v. United States, 25 F.R.D. 96 (D.C.); Bank of America National Trust & Sav. Ass'n v. Loew's International Corp., 18 F.R.D. 491 (D.C.); Chemical Specialties Co., Inc. v. Ciba Pharmaceutical Products, Inc., 10 F.R.D. 500 (D.C.); 2A Barron & Holtzoff, Federal Practice and Procedure (Wright Ed. 1961) § 644.1, p. 52.

### VII.

Finally, the defendant, Carey Prather, has moved for an order directing the plaintiff to respond to questions propounded to him during the taking of his deposition. These questions sought severally to determine the names and addresses of people who potentially had information concerning this case, the existence and location of various writings concerning various aspects of this case, and facts concerning the alleged conspiracy. To these attempts at discovery, counsel for plaintiff repeatedly objected, and based on this objection, the plaintiff refused to disclose the information sought. The basis of this objection was that this information involved matters concerning the preparation of this case for trial and was privileged and confidential.

■ Under the rules, it is clear that a person who is examined pursuant to Rule 26 is required to disclose the existence and custody of pertinent documents (although he is not required to produce them in response to the deposition notice). 2A Barron & Holtzoff Federal Practice and Procedure (Wright Ed. 1961) § 644.-1, p. 52. An examination under Rule 26 may include the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. Discovery under this rule is not limited to evidence that would be admissible at the trial, but extends to any evidence which might lead to the discovery of admissible evidence. A literal reading of the rule and an examination

of the authorities construing it establish clearly that the plaintiff's objections to questions of this nature are not well taken. He will be required to answer.

The question of whether the defendant is entitled to recover the expenses incurred in obtaining this relief as well as attorneys fees as are allowable under certain circumstances under Rule 37, Federal Rules of Civil Procedure, will be reserved, without any expression on the merits thereof, pending further development of this aspect of defendant's motion.

An order will be entered accordingly.