**M. B. SCHNAPPER et al.**

v.

**William E. FOLEY et al.**

**Civ. A. No. 77–2119.**

United States District Court, District of Columbia.

June 8, 1979.

Seymour S. Guthman, George R. Douglas, Jr., Washington, D. C., for plaintiffs.

Thomas J. Byrnes, Dept. of Justice, Washington, D. C., Theodore D. Frank, Washington, D. C., Alan Latman, New York City, for defendants.

## OPINION

JOHN LEWIS SMITH, Jr., District Judge.

Plaintiff M. B. Schnapper, Editor of Public Affairs Press, seeks both injunctive and declaratory relief in this action. He requests an injunction which would 1) invalidate a copyright to a film series commissioned by the government, 2) prohibit future copyrights in similar works, and 3) prohibit heads of federal agencies from entering into future contracts for production of works which either call for copyrighting of such works or for any exercise of control over the contents of such works. Plaintiff also seeks a declaratory judgment that 1) all works produced with funds provided by an agency of the United States may not be copyrighted, 2) all such past, present, and future copyrights are null and void, and 3) any contract between an agency and a private party authorizing an agency or official of the United States to exercise any control over the content of any such works is null

and void. Defendants are William E. Foley, Director of the Administrative Office of the United States Courts; Barbara H. Ringer, Register of Copyrights; Public Broadcasting Service, a District of Columbia Corporation; Metropolitan Pittsburgh Public Broadcasting, Inc., Station WQED, Pittsburgh, Pennsylvania; and Greater Washington Area Educational Telecommunications Association, Inc., Station WETA, Washington, D. C. The matter is before the Court on defendants' motions to dismiss.

Injunctive relief is not available against the sovereign unless statutory authority exists. The United States must give its consent to be sued, even though the suit is nominally against an officer, where the relief sought would actually be against the government. *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); *Lloyd Wood Const. Co. v. Sandoval,* 318 F.Supp. 1167 (D.Ala.1970). This action is in reality against the United States since the only relief sought against the federal defendants is to order them to perform or refrain from performing certain acts in their official capacities.

The United States is immune from suit except under those circumstances and conditions under which it has consented to be sued. *United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Here plaintiff has not alleged a claim for money damages, and there is no statute authorizing an injunction against the United States. *Anderson v. United States,* 229 F.2d 675 (5th Cir. 1956); *Larson v. Domestic & Foreign Commerce Corp., supra; Belknap v. Schild,* 161 U.S. 10, 16 S.Ct. 443, 40 L.Ed. 599 (1896). Therefore, the claims for injunctive relief must be dismissed for lack of jurisdiction.

Plaintiff contends that the copyright in issue is unlawful in that no copyright can be obtained in a work produced with the aid of government funds. 17 U.S.C. § 105 states that copyright protection is not available for any work of the United States

Government. A government work is defined in 17 U.S.C. § 101 as "a work prepared by an officer or employee of the United States Government as part of that person's official duties." *See, also, Public Affairs Associates v. Rickover*, 268 F.Supp. 444 (D.D.C.1967). However, this particular work was not created by government employees as part of their official duties. The Administrative Office of the United States Courts entered into a contract with a private party to "produce for the Judicial Conference of the United States five films about the Supreme Court entitled 'Equal Justice Under Law.'"

The legislative history of 17 U.S.C. § 105 indicates that Congress recognized there would be many of these "contract" or "commission" cases where denial of copyright protection would be unfair or hamper the publication and production of important works. It, therefore, allowed the government agency concerned to determine whether to allow an independent contractor or grantee to secure a copyright in works prepared with government funds. The House Report further provides that where a government agency commissions a work for its own use merely as an alternative to having one of its own employees prepare the work, the right to secure a private copyright would be withheld.

These films certainly were not commissioned by the Administrative Office of the United States Courts as an alternative to having one of its own employees prepare the work. That agency is not in the business of making movies. Here, as intended by Congress, the agency determined that the private parties should have a copyright in the films. Consequently, the copyright issued to the series is lawful under 17 U.S.C. § 105.

■ Plaintiff also argues that the copyright in question is unconstitutional because such copyrights foster government censorship. The legislative history of the copyright law shows that, on the contrary, Congress refused to prohibit copyrights in government funded works because such a prohibition might hamper distribution.

H.R.Rep.94–1476, 94th Cong. 2d Sess. 59 (1976); Sen.Rep.94–473, 94th Cong. 2d Sess. 56, 57 (1975); U.S.Code Cong. & Admin. News 1976 p. 5659. Mr. Schnapper himself testified concerning this point but Congress was not persuaded that copyrights should be denied under such circumstances. *Hearings on S. 597, before the Subcommittee on Patents and Trademarks and Copyrights of the Senate Committee of the Judiciary*, 90th Cong., 1st Sess. 646–650 (part 2) (1967). It is clear from the record that Congress did not feel that such copyrights would foster government censorship.

■ Plaintiff also alleges that such copyrights are unconstitutional because there is a conflict between the First Amendment and copyrights. In *Sid & Marty Krofft Television v. McDonald's Corp., infra,* the Court expressly held that because copyright protects only the expression of an idea and not the idea itself there is no conflict with the First Amendment. 562 F.2d 1157 (9th Cir. 1977). The court stated that the line between "idea" and "expression of an idea" represents an acceptable definitional balance between copyright and free speech interests. *Id* at 1170. In *Robert Stigwood Group, Ltd. v. O'Reilly, infra,* the Court held:

> Were the First Amendment to be applied literally, our statutes pertaining to perjury, obscenity, mail fraud among many others would constitutionally fall. . . . In the balance must be weighed the constitutional right of authors to have "the exclusive right" to their writings. 346 F.Supp. 376 (D.Conn.1972)

Therefore, it is well established that there is no conflict between the First Amendment and the copyright laws.

■ Finally, plaintiff contends that the agency input on the contents of the films constituted federal control of films prepared for use on public television and violated the Constitution, citing *Community-Service Broadcasting v. FCC*, 593 F.2d 1102 (D.C. Cir.1978). These films were prepared for the Judicial Conference and not as an original television broadcast. In *Community-Service*, the challenged governmental action

was a statute and regulations adopted thereunder which mandated the public television stations to make and preserve recordings of certain broadcasts. Here the challenged governmental action is a contract voluntarily entered into by both the Administrative Office of the United States Courts and the public television station involved. The purpose of the statute in *Community-Service* was to effect a form of censorship, and here the intent was the opposite—to make the films as available as possible. It is evident from the foregoing that there is no constitutional violation in this case.

Accordingly, defendants' motions to dismiss are granted.