United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 04-60068
Summary Calendar

————————————————

PAUL S. SILVAS,

Plaintiff-Appellant,

versus

REMINGTON OIL AND GAS CORPORATION,

Defendant-Appellee.

————————————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
(No. 1:02-CV-893-GR)

————————————————————————————

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant, Paul Silvas ("Silvas"), appeals the district court's denial of his

motions for default judgment and for leave to amend his complaint, and the court's order

dismissing his case for failure to join an indispensable party. For the reasons stated below,

we AFFIRM the district court order.

———————————————

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth
in 5th Cir. R. 47.5.4.

## I. FACTS AND PROCEEDINGS

The Defendant-Appellee, Remington Oil and Gas Corporation ("Remington"), leased real property to Silvas, who made his home and residence thereon. In December 2001, Remington sold the property to Cedar Bayou, L.L.C. ("Cedar Bayou") by quit claim deed. Cedar Bayou chose not to renew Silvas's lease, at which point Silvas voluntarily demolished his home and moved from the property.

On December 20, 2002, Silvas sued Remington, alleging that Remington had breached a contractual right to offer Silvas a "right of first refusal" when Remington sold the property to Cedar Bayou; Silvas also alleged that Remington and Cedar Bayou had conspired against him to deprive him of that alleged right. Silvas sought a declaratory judgment that the sale of the property between Remington and Cedar Bayou was illegal. He also sought monetary damages against Remington.

Remington failed to respond to Silvas's complaint, so Silvas moved for default judgment. Two days later, Remington moved for an extension of time to answer. The district court denied Silvas's motion for default judgment and granted Remington's motion for extension of time.

Remington responded to Silvas's complaint by moving to dismiss for failure to join an indispensable party—Cedar Bayou, the current owner of the property. Silvas then moved for leave to amend his complaint. The district court dismissed Silvas's complaint for failing to join Cedar Bayou; the court also denied Silvas's motion for leave.

Silvas timely appeals the district court's rulings.

2

## II. DISCUSSION

Silvas argues that the district court abused its discretion in denying his motion for default judgment, in dismissing his complaint, and in denying his motion for leave to amend his complaint. Entries of default judgment are "'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.'" Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000) (quoting Mason & Hanger--Silas Mason Co. v. Metal Trades Council, 726 F.2d 166, 168 (5th Cir.1984)). "[W]here there are no intervening equities[,] any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." Lacy, 227 F.3d at 292 (internal quotations omitted). Here, Silvas has failed to show that Remington willfully delayed its response. The trial court's decision not to enter a default judgment does not constitute an abuse of discretion.

The district court also did not abuse its discretion in dismissing Silvas's complaint for failure to join an indispensable party.

> It is well settled under the decisions of this Court that no decree can be entered affecting the title to property or cancelling any cloud thereon unless all of the parties interested in the title or in the particular cloud and who will be directly affected by any judgment that may be rendered are properly before the Court.

Ward v. Humble Oil & Refining Co., 321 F.2d 775, 780 (5th Cir. 1963). Silvas seeks a declaratory judgment that the transaction between Remington and Cedar Bayou was illegal, thereby negating Cedar Bayou's title to the property. The district court did not abuse its discretion in considering Cedar Bayou an indispensable party.

3

Finally, the district court did not abuse its discretion in denying Silvas leave to amend his complaint. Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so requires." "However, leave to amend is by no means automatic. The decision lies within the sound discretion of the district court." Parish v. Frazier, 195 F.3d 761, 763 (5th Cir. 1999) (internal quotations and citations omitted). If amending a complaint would be futile, denial of the motion for leave is not an abuse of discretion. Riley Stoker Corp. v. Fidelity & Guar. Ins. Underwriters, Inc., 26 F.3d 581, 591-92 (5th Cir. 1994). An amended complaint is futile if it fails to state a claim upon which relief can be granted. J.R. Stripling v. Jordan Prod. Co., L.L.C., 234 F.3d 863, 873 (5th Cir. 2000).

Here, granting the amendment would have been futile. In the amended complaint, Silvas makes a bald assertion of fact that he possessed a right of first refusal in 2001 when Silvas sold the land to Cedar Bayou. No evidence supports that assertion. The only mention of a "right of first refusal" occurs in a letter from Remington to Silvas stating that if Remington made an offer to sell the land during the 1995 one-year lease term, Remington would at that time grant Silvas a right of first refusal. Silvas's assertion that he possessed a right of first refusal in 2001, which is a necessary fact to prevail on his claims, is unsupported by the record evidence.[1] Granting leave to file his amended complaint would have been futile. The district court did not abuse its discretion.

---

[1] This conclusion also disposes of Silvas's allegations of mail fraud and constitutional violations.

AFFIRMED.