## In re FOOD SUPPLEMENT CO. INC., Debtor.

**Bankruptcy No. 82–00141–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Aug. 1, 1983.

Irving Gennet, Trustee.

Margaret Cangilos, Miami, Fla., for trustee.

## ORDER DISCHARGING ORDER TO SHOW CAUSE

THOMAS C. BRITTON, Bankruptcy Judge.

A hearing was held on July 26 upon an order entered by Judge Gassen directing four persons, J. DeLoy, R. Walker, H.L. Cannon and E. Cannon to show cause why each ought not to be found in civil contempt and fined or otherwise punished for their failure to appear for examination as commanded by four court orders of May 13 and May 26 (C.P. Nos. 22, 24, 31 and 32).

The Cannons appeared and, through counsel, protested that they had never been subpoenaed, but voluntarily agreed to submit themselves for examination on August 24 at 10:00 a.m. in the office of the trustee's counsel. The other two witnesses failed to appear.

I agree with the attorney for Mr. and Mrs. Cannon and the order to show is discharged.

The attendance of these four witnesses was not properly compelled in accordance with the provisions of B.R. 205(e). The attendance of a witness (other than the debtor) may only be compelled by the issuance of a subpoena issued pursuant to Rule 45, *Fed.R.Civ.P.,* incorporated by B.R. 916, together with the tender of an attendance fee and mileage in accordance with 28 U.S.C. § 1821. This conclusion is clear from both the text of B.R. 205 and the Advisory Committee's Note. *Collier on Bankruptcy,* (15th ed.) ¶ 343.11[2], notes 6 and 7.

Of course, the attendance of the debtor may be compelled without a subpoena no matter where he is. B.R. 205(f) and 402(1). *Collier on Bankruptcy,* (15th ed.) ¶ 343.11[1]. Where the debtor is a corporation, officers, directors and other persons in control of the corporation fall within the term "debtor" for this purpose. No witness fee need be tendered the debtor, nor any mileage unless he lives over 100 miles from the place of examination. In this instance, neither the application for the B.R. 205 order nor the order identify any of these four individuals as persons in control of the corporate debtor, nor was any such showing made at the hearing of July 26. Movant has failed to carry his burden of demonstrating that the attendance of any of the witnesses was properly compelled.

I note that B.R. 2004, which supersedes B.R. 205, effective August 1 is substantially similar, except for a slight modification in the requirement for mileage to be tendered the debtor.