In re LITTLE'S MOTOR COMPANY, INC., Debtor.

Lee R. NEW, Jr., Trustee, Plaintiff,

v.

Edward LITTLE, Defendant.

Bankruptcy No. 82–06830.
Adv. No. 85–0023.

United States Bankruptcy Court,
N.D. Alabama.

Sept. 18, 1985.

Harry Long, Anniston, Ala., for defendant.

Thomas Knight, Anniston, Ala., for plaintiff.

## ORDER FOR EXAMINATION OF DESIGNATED OFFICER OF DEBTOR

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

The above-styled case is pending before this Court under title 11, chapter 7, United States Code, after entry of an order for relief under said chapter 7, upon an involuntary petition seeking such relief. The petition was filed in the predecessor court on November 17, 1982, with the case having been referred to the bankruptcy judges by the district court, after July 10, 1984.

The above-styled adversary proceeding was commenced by a complaint filed for the trustee in bankruptcy, on January 9, 1985. The complaint is a model of inexactness and argument, even containing citations of authorities. The complaint seeks to have this Court adjudge that the debtor was the alter ego of the defendant, Edward Little, adjudge that the defendant is liable for the debts of the debtor, render a money judgment (in an unstated amount) against the defendant, and grant other relief.

After the Court granted a motion to require the plaintiff to make a more definite statement of the plaintiff's claim, the complaint was amended. In the meantime, the defendant's attorney signed, served, and filed a *"DEPOSITION SUBPOENA DUCES TECTUM"* (*sic*), purporting to direct the plaintiff to appear at the attorney's office and testify and to bring the documents relied upon by the plaintiff for proof under the complaint. Apparently, the plaintiff did not comply, and, on March 1, 1985, the defendant's attorney filed a

motion, asking that the Court require the plaintiff to produce such documents. The motion was accompanied by the defendant's request that the plaintiff produce these documents by March 29, 1985. At a hearing on April 30, 1985, the bankruptcy judge orally ordered that the plaintiff produce such documents for inspection by the defendant.[1]

Also, on April 30, 1985, the bankruptcy judge took under advisement a motion by the plaintiff to require the defendant to appear for an oral examination under Bankruptcy Rule 2004. The motion recites that the defendant "is within the meaning of the term 'debtor' as used in B.R. 2004 because of the definition contained in B.R. 9001(5) ...." The motion further requests that the examination of the witness be "recorded by videotape equipment."

The motion specified a date for the examination, which had passed at the time the motion was heard. At the hearing, it was developed that the defendant had not been designated by the Court to perform the duties of the debtor in this case, and that the defendant would not agree to appear for the examination because (1) the plaintiff refused to tender a witness fee or any mileage reimbursement, (2) the plaintiff intended to record the deposition by use of a video or television tape recorder, rather than by use of a court reporter, and (3) the plaintiff failed to respond to the defendant's discovery demands. The attorney for the trustee-plaintiff, thereupon, requested that the Court designate the defendant to perform any act of the debtor required by the Bankruptcy Rules or to appear for examination on behalf of the debtor.

### Findings of Fact

Taking judicial knowledge of the Court's files in this case and considering the uncontradicted statements by counsel at the hearing, the bankruptcy judge finds the facts as follows:

1. The debtor is a corporation which, until July, 1981, conducted a business for the sale of new and used cars, at Piedmont, Alabama (no place of incorporation being shown);

2. The defendant was and is the president, managing executive officer, and sole stockholder of the debtor; and

3. Prior to and at the time of the commencement of the case and at the present time, the place of residence of the defendant was and is Fort Myers Beach, Florida.

The Court further takes judicial knowledge of the fact that Piedmont, Alabama, is about twenty-five miles from downtown Anniston, Alabama, where are located the offices of the respective attorneys for the plaintiff and for the defendant and the divisional headquarters of the Court, and the fact that Fort Myers Beach, Florida is in excess of 600 miles from Anniston, Alabama, by overland travel.

### Conclusions by the Court

■ There does not appear to the Court to be any good reason for refusing the request on behalf of the trustee that the defendant be designated by the Court—as may be done under Bankruptcy Rule 9001(5)[2]—to perform any act required by the bankruptcy rules to be performed by the debtor or to attend for examination when it is necessary to compel attendance of the debtor for an examination; and there may very well be a legitimate need by the trustee to have a natural person to act in the place of the debtor in such circumstances. The bankruptcy judge will en-

---

1. Fed.R.Civ.P. 34 and 37(a).

2. Bankruptcy Rule 9001 includes a provision that certain words and phrases used in those rules have meanings therein stated, including the following:

     (5) "Debtor." When any act is required by these rules to be performed by a debtor or when it is necessary to compel attendance of a debtor for examination and the debtor is not a natural person: (A) if the debtor is a corporation, "debtor" includes, if designated by the court, any or all of its officers, members of its board of directors or trustees or of a similar controlling body, a controlling stockholder or member, or any other person in control ....

ter an order making such designation, to be placed in the main case file by the clerk of the Court.

Once Edward Little has been thus designated to stand in the place of the debtor corporation in such circumstances, the question arises as to whether the trustee-plaintiff proposes to examine him in his capacity as the debtor's designated alter ego or in his individual capacity, as the defendant in this adversary proceeding.

A general examination of a debtor in a bankruptcy case is governed by Bankruptcy Rule 2004, which provides, in subdivision (a), that the Court may order the examination of any person. In subdivision (d) the rule provides that the Court (for cause shown and on terms as it may impose) may order the debtor to be examined "under this rule" at any time or place which the Court may designate. In subdivision (e), the rule provides that a person other than the debtor shall not be required to be examined without first being tendered lawful mileage and a witness fee. That subdivision further provides:

> If the debtor resides more than 100 miles from the place of examination when required to appear for an examination under this rule, the mileage allowed by law to a witness shall be tendered for any distance more than 100 miles from the debtor's residence at the date of the filing of the first petition commencing a case under the Code or the residence at the time the debtor is required to appear for the examination, whichever is the lesser.

In the proceeding before the Court, the debtor-designee resides more than 100 miles from the proposed place of examination, which is stated in the motion as being the office of defendant's attorneys. If the debtor's residence at the date of the filing of the chapter 7 petition is assumed to be Piedmont, Alabama, and if that is considered to be the place of residence of the debtor-designee for the purposes of Rule

2004(e), Mr. Little may be required to appear for an oral examination at Anniston, without first having tendered to him "the mileage allowed by law to a witness," the distance from Piedmont being less than 100 miles.

Under the definition "debtor" in Bankruptcy Rule 9001(5), Mr. Little is literally included in the term "debtor" as that term is used in Bankruptcy Rule 2004(e), and subdivision (e) does not mandate that the trustee tender to him "mileage" and a witness fee before Mr. Little can be examined under that rule.[3] Because the trustee is requesting that the Court order the examination of Mr. Little as provided in subdivision (d), the Court must consider the provisions there, which state that the Court may order the examination "on terms as it may impose." Whether or not Mr. Little must bear the entire expense of travel for such an examination depends upon a balancing of the equities as between him and the trustee in Bankruptcy.

■ Bankruptcy Rules 2004 and 9001 permit the burden of certain duties of a corporation debtor to be imposed upon an officer such as Mr. Little, but they do not require that the entire financial burden connected with such duties be borne by him. While subdivision (e) forbids that a "person other than a debtor ... be required to attend as a witness unless lawful mileage and witness fee for one day's attendance ... be first tendered," it does not forbid the Court to require one or both under the provisions of subdivision (d). The bankruptcy judge concludes that, if Mr. Little is to be examined by the trustee in Anniston, under Bankruptcy Rule 2004(d), the trustee should be required to tender to him "the mileage allowed by law to a witness,"[4] for the distance from Fort Myers Beach (if his residence when tendered mileage) to Anniston, and return, to the extent that it exceeds 100 miles. The bankruptcy judge does not find it appropriate to require that Mr. Little be tendered a

---

3. *Cf.* In re Food Supplement Co., 33 B.R. 188 (B.C.S.D.Fl.1983) (*dictum*).

4. 28 U.S.C. § 1821(c).

witness fee as a condition for his examination under that rule.

It appears to the bankruptcy judge that the foregoing result would be substantially different if it were concluded that the trustee proposes to take the deposition (upon oral examination) of Mr. Little in his capacity as the defendant in this adversary proceeding. The taking of such a deposition is provided for in Federal Rule of Civil Procedure 30, which states, in subdivision (a): "The attendance of witnesses may be compelled by subpoena as provided in Rule 45." [5] The provisions governing the issuance of a subpoena for taking a deposition, and the limitations upon its use are set forth in subdivision (d) of the latter rule. A subpoena is required to compel the attendance of a deponent who is not a party to the proceeding [6] but is not required for a party.[7]

If a subpoena were required to compel the attendance of the defendant, the plaintiff would be required to tender "to him the fee for one day's attendance and the mileage allowed by law," in order to effect service of the subpoena.[8]

Perhaps some abiguity exists as to how the plaintiff is proceeding because the motion is filed in the adversary proceeding (having been so styled) rather than generally in the bankruptcy case. The plaintiff's vehicle, however, is the motion to require Mr. Little's examination as the alter ego of the debtor, as provided for in Bankruptcy Rule 2004(d), and not the "notice" of the deposition upon oral examination, referred to in Federal Rule of Civil Procedure 30(b)(1). The bankruptcy judge concludes that the proposed examination is the one provided for and governed by the bankruptcy rule.

Besides the issue of the fees and mileage allowance, Mr. Little objects to his examination because (1) the plaintiff proposes to record the examination upon video tape instead of by stenographic means and (2) because of an alleged failure of the plaintiff to respond to his discovery demands. As to the method for recording the examination, Congress referred, in 28 U.S.C. § 773, to records to be made in bankruptcy courts by electronic, shorthand, or mechanic means.[9] Bankruptcy Rule 5007(a) refers to "original notes of testimony, tape recording, or other original record of the proceeding." Federal Rule of Civil Procedure 30(b)(4) permits the deposition on oral examination to "be recorded by other than stenographic means" when so stipulated by the parties or ordered by the Court. The latter rule does also refer to "provisions to assure that the recorded testimony will be accurate and trustworthy" —a reference to the quality of the recording rather than to the truthfulness or accuracy of the deponent. It, thus, appears that use of a means of recording the examination other than by a stenographic method would not inject an impermissably untried or novel element into the examination, but the plaintiff's motion neither identifies the video tape operator nor states any qualification of such an operator. Assurance that the recording would be "accurate and trustworthy" must be addressed.

As to the alleged failure of the plaintiff to respond to the discovery requests of the defendant, the examination of Mr. Little is so closely related to the adversary proceeding that it should not take place if the plaintiff was and still is in default in responding to the defendant's requests for discovery under the Federal Rules of Civil Procedure. The plaintiff's

---

5. Fed.R.Civ.P. 30 and 45 are made applicable by Bankr.R. 7030 and 9016.

6. *El Salto, S.A. v. PSG Co.,* 444 F.2d 477 (9th Cir.1971); *Sunbeam Corp. v. Payless Drug Stores,* 113 F.Supp. 31 (N.D.Ca.1953).

7. 5A Moore's Federal Practice ¶ 45.07[1] (2d ed., rel. No. 9–81).

8. Fed.R.Civ.P. 45(c).

9. It is unimportant in the context here whether 28 U.S.C. § 773 was made "not ... effective" by section 113 of the Bankruptcy Amendments and Federal Judgeship Act of 1984; Pub.L. No. 98–353 (July 10, 1984) or whether it became effective July 10, 1985, as provided in section 121(a) of the 1984 Act.

compliance with those rules in this regard should be fixed as a condition to his proceeding with the examination of Mr. Little, which the Court may do under the provisions of Bankruptcy Rule 2004(d).

### Order of the Court

In view of the foregoing, it is ORDERED by the Court that Edward Little is designated to perform on behalf of the debtor, Little's Motor Company, Inc., all acts required by the Bankruptcy Rules (1983) to be performed by said debtor, including attendance by the debtor for examination, and that Edward Little appear and submit to an oral examination by the trustee in bankruptcy (or his legal counsel), on behalf of the debtor and in accordance with, or subject to, the further provisions of this order:

1. The examination shall not be scheduled, except upon tender by the trustee to Edward Little of the latter's lawful mileage from his place of residence at Fort Myers Beach, Florida, on November 17, 1982, or from his place of residence at the time of the tender of mileage to the place of the examination and return, whichever is the shorter distance, reduced by 200 miles, and upon compliance by the trustee with the rules respecting the discovery requests of the defendant in this adversary proceeding;

2. The examination shall be conducted at the offices of counsel for the defendant and at a time and on a day stipulated by the attorneys for the parties or fixed by the Court, if they do not agree; and

3. The examination shall be recorded on video tape by an operator empowered to administer oaths or affirmations, who is not disqualified to take a deposition by the provisions of Federal Rule of Civil Procedure 28(c), and who is designated by stipulation of the attorneys for the parties or by order of the Court, if they do not agree; provided, that the Court may hereafter order that the examination be recorded by other means and may designate the person to take the deposition, in the event of such lack of agreement by the attorneys.

It is further ORDERED by the Court that the clerk file a certified copy of this Order in the main bankruptcy case file and that she send a copy of this Order to each party and each counsel of record in this adversary proceeding and to the United States trustee, which shall be sufficient service and notice hereof.