**(United States District Court, E.D. New York)**

**In re Deposition Subpoena Directed to Leonard SMITH.**

**(United States District Court, D. Rhode Island)**

**The CONANICUT INVESTMENT COMPANY, f/k/a Bridgton Distributing Company, Inc., Plaintiff,**

v.

**COOPERS & LYBRAND, Defendant.**

Misc. 89–0195 (N.Y.).

Civ. A. No. 88–0185–B (R.I.).

United States District Court, E.D. New York.

July 11, 1989.

Ronald E. DePetris, Summit Rovins & Feldesman, New York City, for Smith.

Ohrenstein & Brown, New York City, for Conanicut Inv. Co.

McLAUGHLIN, District Judge.

Plaintiff, the Conanicut Investment Company, seeks an order permitting it to serve a deposition subpoena and a subpoena duces tecum upon a non-party witness, Leonard R. Smith, by delivering the subpoenas to Smith's attorney. Smith's deposition is sought in connection with an action pending in the District of Rhode Island. *Conanicut Investment Co. v. Coopers & Lybrand*, C.A. No. 88–0185–B.

On or about March 10, 1989, the deposition of Smith was noticed for March 30, 1989. A deposition subpoena and a subpoena duces tecum were given to a process-server for service upon Smith, a resident of East Quogue, Long Island. On March 29, 1989, after several attempts to serve the subpoenas personally upon Smith, the process server delivered the subpoenas to Smith's daughter at his residence and mailed copies of the subpoenas to the same place. Several hours later, Smith's attor-

ney telephoned plaintiff's counsel to inform him that service had not been proper and, therefore, Smith would not appear for the deposition.

Subsequently, another deposition subpoena and subpoena duces tecum were issued for Smith's deposition to be taken on May 15, 1989. Again, despite several attempts to effect personal service on Smith, the process server was unable to do so. On May 8, 1989, the process server served Smith's wife and mailed a copy to him at his residence. Several days later, Smith's attorney again notified plaintiff's counsel that Smith would not attend the deposition because once again service had been improper.

## DISCUSSION

Plaintiff now seeks an order permitting alternate means of service of the subpoena. Rule 45(c), states that "[s]ervice of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person." Both the Moore and the Wright & Miller treatises state, without elaboration, that Rule 45 requires a subpoena to be served by personally delivering a copy to the person named therein. Neither commentator discusses alternative means of service. *See* Moore's Federal Practice ¶ 45.06[1], at 45–49; Federal Practice and Procedure, Wright & Miller, § 2461, at 447. Nowhere in Rule 45 is the Court given discretion to permit alternate service in troublesome cases.

The case law agrees with the treatises. The D.C. Circuit Court has stated that Rule 45(c) clearly does not permit any form of mail service; nor does it allow service of the subpoena merely by delivery to a witness' dwelling place. *FTC v. Compagnie De Saint–Gobain–Pont–A–Mousson,* 636 F.2d 1300, 1312–13 (D.C.Cir.1980). The Court found that "compulsory process may be served upon an unwilling witness only in person." *Id.* Similarly, the Fifth Circuit, in *Harrison v. Prather,* 404 F.2d 267 (5th Cir.1968), held that service of a subpoena duces tecum on a witness' attorney is void.

Plaintiff's only authority in support of alternate service is *Hinds v. Bodie,* 84 CV

4450, 1988 WL 33123 (E.D.N.Y.1988) (Costantino, J.). In *Hinds,* however, the motion for alternate service was unopposed.

Therefore, although the Court is sympathetic to plaintiff's argument, it finds, after reviewing Rule 45's language, the case law and the commentator's analysis, that the Court has no discretion to permit alternative service when a party has difficulty effecting service. Plaintiff's motion is denied, and with the consent of the Rhode Island District Court, the matter is respectfully referred to the Honorable Francis J. Boyle where the underlying litigation is pending.

This decision is published merely to point out the problem and to suggest that Rule 45 be re-evaluated with a view to permitting service of a subpoena other than by personal delivery. *See, e.g.,* N.Y.Civ. Prac.L. & R § 2303 ["A subpoena shall be served in the same manner as a summons ..."]

SO ORDERED.