In re Esther SHUR, Debtor.

FIRST NATIONWIDE BANK, a Federal Savings Bank, a Federal Stock Association, Plaintiff,

v.

Esther SHUR, Defendant.

Bankruptcy No. 194–12633–352.
Adv. No. 194–1238–352.

United States Bankruptcy Court,
E.D. New York.

July 26, 1995.

Yann Geron, Geron & Corsano, New York City, for debtor-defendant.

Andrew M. Calamari, Donovan Leisure Newton & Irvine, New York City, for plaintiff.

Ian J. Gazes, Chapter 7 trustee, New York City.

Lawrence H. Silverman, Irving P. Seidman, P.C., New York City, for Robert Wolf in other matters.

Decision on Motion Seeking Contempt
for Failure to Obey Subpoena

MARVIN A. HOLLAND, Bankruptcy
Judge:

Plaintiff, First Nationwide Bank, moves pursuant to Rule 45(b)(1) of the Federal Rules of Civil Procedure (hereinafter, "Rule 45"), Fed.R.Bankr.P. 9016, 11 U.S.C. § 105 and the All Writs Act, 28 U.S.C. § 1651(a), to hold Robert Wolf (hereinafter, "Wolf"), a non-party to this adversary proceeding, in contempt or, in the alternative, to compel him to comply with a subpoena. The issue to be addressed is whether service of a subpoena on a non-party individual must be accomplished by personal service. For the reasons set forth below, we hold that personal service is not required under Rule 45, made applicable to this case by Fed.R.Bankr.P. 9016, although we deny at this time so much of the motion as seeks contempt sanctions.

### BACKGROUND

Wolf's deposition and production of documents are sought in connection with this adversary proceeding commenced by First Nationwide Bank against the debtor, Esther Shur, which concerns claims of fraud against the debtor in five separate real estate transactions. The Plaintiff alleges that Wolf had been a partner of the debtor in certain of the allegedly fraudulent real estate transactions and that his testimony and document production are therefore necessary to the instant proceeding.

The Plaintiff has made numerous attempts to serve Wolf personally with a subpoena to compel testimony and production of documents for inspection and copying; each has failed. According to an affidavit of the Plaintiff's process-server, Juan Monserrate, annexed as Exhibit "E" to the moving papers, personal service of the subpoena upon Wolf was attempted on six different occasions between November 15, 1994 and December 8, 1994. Twice Monserrate appeared at Wolf's residence at 1619 51st Street, Brooklyn, New York and "spoke over [an] intercom with a woman who identified herself as Robert Wolf's wife [who] informed [Monserrate] that Robert Wolf was not home." Monserrate

Aff. para. 2. On another occasion, Monserrate attempted to serve the subpoena on Wolf at the same address but was informed by a woman over the intercom that Wolf was not home. Monserrate Aff. para. 4. On two other occasions, Monserrate attempted to serve Wolf at the same address but did not receive an intercom response. Monserrate Aff. para. 6–7. Finally Monserrate attempted to serve Wolf personally at Atlantic Properties, Inc. and was told that Wolf was not present and that Wolf was no longer associated with that corporation. Monserrate Aff. para. 5.

On or about December 27, 1994, as amended February 23, 1995, the Plaintiff moved for an order authorizing alternative means of service of the subpoena. After being informed by this Court that the motion was premature and that the issue of service would be better addressed in the context of a contempt proceeding should Wolf fail to respond to the subpoena, the Plaintiff served the subpoena by (i) mailing it to Wolf's home address, and (ii) personally delivering a copy to Wolf's counsel in another state court case involving Wolf and the Plaintiff. Counsel returned the subpoena to the Plaintiff under a cover letter advising the Plaintiff that he was not authorized to accept it. Wolf has not responded to the subpoena.

Although he has been served with notice of this motion, Wolf has neither appeared nor otherwise responded herein.

### DECISION

The Plaintiff seeks an order holding Wolf in contempt or, in the alternative, compelling him to comply with the subpoena. "It is a proper defense to a petition for a contempt order for failing to obey a subpoena to establish that the requirements of [Rule 45] which govern the validity of a subpoena were not met." *In re Johnson & Johnson,* 59 F.R.D. 174, 177 (D.Del.1973). The same holds true for an order compelling a non-party to comply with a subpoena.

Rule 45 provides in relevant part:

A subpoena may be served by any person who is not a party and is not less that 18 years of age. Service of a subpoena upon a person named therein shall be made by

delivering a copy thereof to such person . . .

A majority of courts hold that Rule 45 requires personal service. *See Conanicut Investment Co. v. Coopers & Lybrand,* 126 F.R.D. 461, 462 (E.D.N.Y.1989) ("[n]owhere in Rule 45 is the Court given discretion to permit alternate service in troublesome cases"); *In re Johnson & Johnson,* 59 F.R.D. at 177 ("Under [Fed.R.Civ.P. 45(b)(1) ], personal service of a subpoena is required when an individual is subpoenaed"); *Khachikian v. BASF Corp.,* 1994 WL 86702, 1994 U.S.Dist.LEXIS 2881 (N.D.N.Y.1994) (holding subpoena not personally served to be a nullity); *F.T.C. v. Compagnie de Saint-Gobain–Pont–A–Mousson,* 636 F.2d 1300 (D.C.Cir.1980) (in dicta, court stated that personal service is required upon service of a subpoena); *but see Hinds v. Bodie,* 84 CV 4450, 1988 WL 33123 (E.D.N.Y.1988) (after five unsuccessful attempts to personally serve a subpoena on a non-party witness alternate means of service had been authorized following the witness' failure to appear at a scheduled deposition, defendant's motion for an order of contempt granted); *Doe v. Hersemann,* 155 F.R.D. 630 (N.D.Ind.1994) (personal service not required). In addition, the two major treatises on federal practice and procedure assert that personal service of a subpoena is required under Rule 45. *See* 5A Jeremy C. Moore et al., *Moore's Federal Practice* para. 45.06[1], at 45–49 (1994); 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2461 (1971 & Supp.1994).

For the reasons that follow, we do not believe that Rule 45 requires personal service and therefore, respectfully decline to follow the majority position.

First, the language of Rule 45 does not demand personal service. All that is required under the rule is that the subpoena be served by *"delivering* a copy . . ." to the person named therein. Rule 45 [emphasis added].

The American Heritage Dictionary of the English Language (hereinafter, "The American Heritage Dictionary") defines "deliver" as "[t]o bring or transport to the proper place or recipient". *The American Heritage Dictionary of the English Language* 494 (3rd. ed.). "Transport" is defined as "[t]o carry from one place to another; convey", *id.* at 1903, and "convey" is defined, in part, as "[t]o communicate or make known; impart", *id.* at 412. Nothing in the everyday meaning of any of these words expresses or suggests a requirement that "delivery" be effected exclusively by the hand of one human being to the hand of another. Indeed, since the definition of "deliver" uses the words "bring" and "transport" in the disjunctive, there is every indication that a document, can be delivered without being brought. For example, in common parlance, delivery of mail does not require personal presence of the addressee and a manual transfer of possession. Rather, it is accomplished by being placed at a location where the intended recipient may reasonably expect to receive it. Furthermore, Black's Law Dictionary defines "delivery" as "[t]he act by which the res or substance thereof is placed within the actual or constructive possession or control of another." *Black's Law Dictionary* 428 (6th ed.1990). Even though this is less restrictive than The American Heritage Dictionary it indicates that the word "deliver" does not have a legal meaning distinct from everyday usage.

Agreeing with the Court in *Doe v. Hersemann* that "[n]othing in [the] language [of Rule 45] suggests that in-hand, personal service is required to effectuate 'delivery,' or that service by certified mail is verboten," *Doe v. Hersemann,* 155 F.R.D. at 630, we hold that "delivering" a copy of a subpoena, for purposes of Rule 45, includes any act or series of acts that reasonably assures the entity to which it is addressed fair and timely notice of its issuance, contents, purpose and effect. This would necessarily include, but not be limited to, personal service of a subpoena.

Second, as was noted by the Court in *Doe v. Hersemann,* "the drafters [of the Federal Rules of Civil Procedure] knew how to indicate a personal service requirement" where it was intended. *Doe v. Hersemann,* 155 F.R.D. at 631. In Fed.R.Civ.P. 4(e), personal service is expressly described in the context of service of a summons and complaint

as "*delivering* a copy of the summons and of the complaint to the individually *personally* ...". Fed.R.Civ.P. 4(e) [emphasis added]. Similarly, Fed.R.Civ.P. 4(f)(2)(C)(i) speaks of "*delivery* to the individual *personally* ...". Fed.R.Civ.P. 4(f)(2)(C)(i) [emphasis added]. As the Court in *Doe v. Hersemann* correctly stated "[i]f 'delivering ... to such person,' as stated in Rule 45(b)(1), required personal, in-hand service, then 'personally' in Rule 4(e)(1) would be pure surplusage." *Doe v. Hersemann*, 155 F.R.D. at 631.

Third, none of the cases representing the majority position such as *Conanicut Investment Co. v. Coopers & Lybrand, In re Johnson & Johnson, Khachikian v. BASF Corp.*, provide any analysis in support of that position. *See Doe v. Hersemann*, 155 F.R.D. at 631 ("Not one of these cases explains its conclusion, however; each simply refers to the text of Rule 45, which, as noted, does not command personal service."). As for the Moore and the Wright & Miller treatises, even the Court in *Conanicut Investment Co. v. Coopers & Lybrand*, in following these treatises, recognized, that they merely "state, *without elaboration*, that Rule 45 requires a subpoena to be served by personally delivering a copy to the person named therein." *Conanicut Investment Co. v. Coopers & Lybrand*, 126 F.R.D. at 462 [emphasis added].

Fourth, there is no persuasive policy argument to compel adherence to the majority position. The court, in *F.T.C. v. Compagnie de Saint–Gobain–Pont–A–Mousson*, in dicta, distinguished "between the goal of notice underlying ordinary service of process and some unidentified other purpose underlying compulsory process" in stating that Rule 45 requires personal service. *Doe v. Hersemann*, 155 F.R.D. at 631. The court stated:

The distinction between notice and compulsory process, and the implications of that distinction for permissible modes of service, is well illustrated in the context of civil litigation. Federal Rule of Civil Procedure 4, which governs service of process, is primarily concerned with effectuating notice. To that end, the rule provides for a wide range of alternative methods of service, including registered mail, each designed to ensure the receipt of actual notice of the pendency of the action by the defendant. By contrast, [Rule 45], ... does not permit any form of mail service, nor does it allow service of the subpoena merely by delivery to a witness' dwelling place. Thus, under the Federal Rules, compulsory process may be served upon an unwilling witness only in person. Even within the United States, and even upon a United States citizen, service by registered U.S. mail is never a valid means of delivering compulsory process, although it may be a valid means of serving a summons and a complaint.

636 F.2d at 1312–13.

We are not persuaded that between Rules 4 and 45 there exists a policy distinction such that service other than personal service should be sufficient for the former but not the latter. *See Doe v. Hersemann*, 155 F.R.D. at 631 ("This court fails to see the power of this distinction: a subpoena to a non-party deponent is designed to notify the party that the court requires his or her presence at a particular time and place just as surely as a summons and complaint notifies a person that he or she has been sued.").[1] Rather, the policy underlying *both* rules is that the method of service guarantee due process of law.[2] While there is nothing to prevent Rule 45 from imposing service requirements beyond minimum due process, we have been unable to find any indication that the drafters of Rule 45 so intended.

---

1. *See also* New York Civil Practice Law and Rules § 2303 ("[a] subpoena shall be served in the same manner as a summons ..."); *Conanicut Investment Co. v. Coopers & Lybrand*, 126 F.R.D. at 462 (court stated that its decision was "published merely to point out the problem and to suggest that Rule 45 be re-evaluated with a view to permitting service of a subpoena other than by personal delivery").

2. Furthermore, we note that difficulty in service is often occasioned by the intended recipient's knowledge of the contents of the subpoena coupled with a conscious effort to avoid its effect. Why should one seeking to frustrate the legitimate ends of a judicial procedure be given greater deference than the minimum demanded by due process?

We therefore hold that the only limitation upon service under Rule 45 is that the procedure employed be reasonably calculated to give the non-party actual notice of the proceedings and an opportunity to be heard. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (holding that due process permits service of process by mail so long as such service provides "notice reasonably calculated ... to apprise interested parties of the pendency of the action").

Whether a non-party served with a subpoena other than by personal service has been afforded due process depends upon the particular facts. Here, on three of the failed service attempts, the process server conversed with a woman who stated that she was Wolf's wife but that Wolf was not at home at that time. After six attempts at personal service, the subpoena was mailed to Wolf at his home address and personally delivered to Wolf's counsel in another state court proceeding involving Wolf and the Plaintiff. It is not unreasonable to conclude that while disclaiming authority to accept the subpoena on Wolf's behalf, counsel communicated to Wolf the contents of that document.

However, a determination of whether such service comports with due process is premature at this stage. This decision needs to address merely the issue of personal service and whether Rule 45 *requires* such service. For the reasons stated above, we hold that it does not.

Recognizing, however, that this decision is contrary to a substantial majority which Wolf justifiably might have relied upon, we are reluctant to consider the harsh remedy of contempt without first placing Wolf upon notice that we sustain the movant's position.

Justice and fair play mandate one last chance. We therefore direct, that a copy of this decision be served on Wolf either by personal service or if such service cannot be effectuated [after reasonable effort as established by appropriate affidavit], by first class mail to Wolf's residence, to his last known place of business, and in care of his attorney in the action referred to above. Such service is reasonably calculated to provide Wolf knowledge of our holding in support of plaintiff's position with respect to Rule 45. In addition, we direct that with this decision, the Plaintiff shall serve a new subpoena on Wolf.

If Wolf fails to respond to the new subpoena, we shall entertain any further motion that the Plaintiff may make.[3]

Plaintiff shall settle an order consistent with this decision within ten (10) days from the date hereof.

---

3. Given our holding we need not address the Plaintiff's argument with respect to 11 U.S.C. § 105 and/or the All Writs Act, 28 U.S.C. § 1651(a).