**Theodore KING, et al., as Trustees, Plaintiffs,**

v.

**CROWN PLASTERING CORP., Defendant.**

**No. CV–96–2847 (DRH).**

United States District Court, E.D. New York.

Jan. 13, 1997.

Avram H. Schreiber, New York City, for plaintiffs.

POHORELSKY, United States Magistrate Judge.

Non-parties Susan Lande and Peter Lande have moved to quash subpoenas duces tecum served upon them by the plaintiffs in this case, on the ground that they were not personally served with the subpoenas as required by Rule 45 of the Federal Rules of Civil Procedure.

Susan Lande is the sister of the President of the defendant Crown Plastering Corp., and has been identified in other testimony in this case as a person with knowledge of certain relevant matters. Peter Lande is the President's brother-in-law and has been identified not only as a person with knowledge of matters relevant to this case but as a Vice-President of the defendant. Both submitted affidavits that subpoenas were delivered both

by hand and separately by mail to their residence. The defendants submitted an affidavit by the process server who attested to service of the subpoenas by delivering them to the residence of the Landes in Dix Hills, and by mailing copies to the same address. According to the process-server, the residence is in an area of single-family homes, and appeared to be inhabited by only a single family. He delivered the subpoenas at 8:20 p.m., and was greeted at the door by a woman who appeared to be in her 30's, who was dressed in a nightgown, and who refused to identify herself.

■ Although the majority of cases seem to agree that service under Rule 45 of the Federal Rules of Civil Procedure must be done in person, *see, e.g., Conanicut Investment Co. v. Coopers & Lybrand,* 126 F.R.D. 461, 462 (E.D.N.Y.1989), and cannot be accomplished by mail or delivery to a dwelling, *see, e.g., FTC v. Compagnie De Saint-Gobain-Pont-A-Mousson,* 636 F.2d 1300, 1312-13 (D.C.Cir.1980) (dictum), or by service on a person's attorney, *see, e.g., Harrison v. Prather,* 404 F.2d 267 (5th Cir.1968), the Second Circuit has not yet addressed the issue, and there is therefore no binding precedent on this court.

This court finds the analysis in *First Nationwide Bank v. Shur,* 184 B.R. 640 (E.D.N.Y.1995), and the authorities cited there more persuasive than that extolled in the various majority opinions. The courts requiring so-called "personal service" seem to take that requirement from the language of Rule 45 which states that "[s]ervice of a subpoena upon a person named therein shall be made by delivering a copy thereof *to such person* ..." Fed.R.Civ.P. 45(b)(1) (emphasis added). As the court in *First Nationwide Bank* pointed out, however, that language neither requires in-hand service nor prohibits alternative means of service. 184 B.R. at 642.

Other text in Rule 45 supports the conclusion reached in *First Nationwide Bank* that

delivery need not be made in hand. Proof of service is accomplished under the rule "by filing with the clerk of the court ... a statement of the date and *manner of service* ...." Fed.R.Civ.P. 45(b)(3) (emphasis added). If the only manner of service permitted under the rule were by hand, no statement of the manner of service would be necessary. Moreover, under modern New York procedural law even so-called "personal service" can be made other than by delivery in hand simply by delivery to a person of suitable age and discretion at the residential address coupled with mailing to the residential address. N.Y.C.P.L.R. 308(2).

Accordingly, the court sees no reason for requiring in hand delivery for subpoenas served under Rule 45, so long as service is made in a manner that reasonably insures actual receipt of the subpoena by the witness. The service here satisfies that standard.[1] The motion to quash is **DENIED** and the witnesses Susan Lande and Peter Lande are directed to appear for depositions and to produce requested documents and things on or before January 31, 1997.

SO ORDERED.

---

1. Although the court hesitates to hold that service in accordance with New York procedural law would suffice in all instances to satisfy Rule 45 requirements, the court notes that Rule 4(e) of the Federal Rules of Civil Procedure specifically incorporates the forum state's procedural law for service of a summons and complaint. There appears to be no reason why the forum state's procedural law should not be sufficient for accomplishing service under Rule 45. The service of the subpoenas in this case complied with sections 2303 and 308 of the New York Civil Practice Law and Rules.