KLOCKNER NAMASCO HOLDINGS CORPORATION and the Namasco 401(k) Plan, Plaintiffs,

v.

DAILY ACCESS.COM, INC., Scudder Trust Company, and Reliance Trust Company, Defendants.

No. CIV.A.1:01–CV–3536–RWS.

United States District Court, N.D. Georgia, Atlanta Division.

Dec. 19, 2002.

---

Robert Edward Johnson, Jr., Thomas Christopher Grant, Mazursky & Dunaway, Atlanta, GA, for Plaintiffs.

Christopher Evan Parker, William H. Buechner, Jr., Freeman, Mathis & Gary, Atlanta, GA, for Defendant Daily Access.Com, Inc.

Jeffrey O. Bramlett, Lisa R. Strauss, Bondurant, Mixson & Elmore, Atlanta, GA, for Defendant Scudder Trust Company.

William Bard Brockman, Powell Goldstein Frazer & Murphy, Atlanta, GA, for Defendant Reliance Trust Company.

### ORDER

STORY, District Judge.

This case is before the Court for consideration of Defendant Daily Access.Com's Motion for Order to Show Cause [24–1] and for Sanctions [24–2]. After reviewing the entire record, the Court enters the following Order.

### Factual Background

On October 5, 2002, Defendant Daily Access.Com, Inc., ("DAC") served a subpoena for the deposition of Lloyd Burkart ("Burkart"), a non-party witness, by personally serving Burkart's wife with the subpoena at the Burkart residence. The subpoena required Burkart to appear for a deposition on October 11, 2002. On October 8, 2002, Plaintiffs filed a motion for protective order seeking to stop the deposition of Burkart and others. Later in the day on October 8, DAC's counsel informed Plaintiffs' counsel that he intended to go forward with Burkart's deposition on the 11th unless Plaintiffs obtained a court order stopping the deposition. DAC's counsel also offered to be available for a conference call with the Court, if necessary.

On October 10, Plaintiffs' counsel informed DAC's counsel that Burkart was on a business trip in Canada and that neither Burkart nor he would attend the deposition on the 11th. On October 11, DAC's attorney attended the deposition but neither Burkart nor Plaintiffs' attorney attended. In the pending motion, DAC requests that Burkart be held in contempt for failing to appear pursuant to the subpoena and that the Court convene a hearing to determine what role Plaintiffs' attorneys played in Burkart's non-appearance.

In response to DAC's motion, Plaintiffs first assert that Burkart was never personally served with the subpoena. Initially, Fredrick Peeples, the officer who served the subpoena, had given an affidavit stating that he personally served Burkart with the subpoena. However, after Plaintiffs' counsel denied actual service on Burkart, Peeples filed an amended affidavit of service stating that he actually personally served Burkart's wife at their residence. Second, Plaintiffs argue that the subpoena was not valid because DAC failed to tender a witness fee to Burkart with the subpoena. Plaintiffs request an award of attorney's fees and expenses for responding to DAC's motion.

In its reply brief, DAC admits that Burkart was not personally served, but that the subpoena was served on his wife at their home. DAC also points out that on October 17 DAC's attorney sent Burkart a letter with a check for mileage and witness fees in which DAC's counsel stated that Burkart could appear for his deposition on October 29. Burkart did not appear for his deposition on that date. In response to DAC's reply brief, Plaintiffs filed a supplemental brief which is

not authorized by the local rules of this Court. *See* L.R. 7, N.D.Ga.

## Discussion

■ Plaintiffs contend Burkart was not required to attend his deposition because (1) the subpoena was not personally served on him and (2) DAC failed to tender witness and mileage fees to Burkart when the subpoena was served. Regarding the service issue, DAC contends that pursuant to Federal Rule of Civil Procedure 5, service on Burkart's wife at their residence constitutes personal service on Burkart. However, Rule 45, which governs subpoenas does not expressly incorporate the service provisions of Rule 5, but rather requires that service of subpoenas "be made by delivering a copy thereof to such person." There is a split of authority whether service pursuant to Rule 5 meets the requirements of Rule 45. *Compare FTC v. Compagnie de Saint–Gobain–Pont–A–Mousson*, 636 F.2d 1300, 1312–13 (D.C.Cir. 1980) (service on a person of suitable age and discretion at the deponent's residence is not valid service of a subpoena), *and In re Smith*, 126 F.R.D. 461, 462 (E.D.N.Y.1989) (subpoena must be served by personally delivering a copy to the person named therein), *and In re Johnson & Johnson*, 59 F.R.D. 174, 177 (D.Del.1973) (Rule 45 requires subpoenas directed to individuals to be personally served on the individuals), *with Ultradent Prods., Inc. v. Hayman*, 2002 WL 31119425, at *3 (S.D.N.Y. Sept.24, 2002) (service of subpoena on registered agent of corporation or by certified mail satisfies Rule 45), *and Cordius Trust v. Kummerfeld*, 2000 WL 10268, at *2 (S.D.N.Y. Jan.3, 2000) (service by certified mail satisfies Rule 45), *and In re Shur*, 184 B.R. 640, 642 (Bankr.E.D.N.Y. 1995) (Rule 45 does not require personal service). However, authority in this circuit suggests that personal service on the witness being subpoenaed is required. *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir.1968) (service of subpoena must be on person named therein, service on his attorney is not sufficient); *Tidwell–Williams v. N.W. Ga. Health Sys.*, 1998 WL 1674745, at *1–2, 1998 U.S. Dist. LEXIS 23134, at *6 (N.D.Ga. Nov. 19, 1998) (mailed or faxed subpoena is not sufficient). Based on this authority, service on Burkart's wife at their residence did not satisfy the requirements of Rule 45 because Burkart himself was not personally served.

■ Furthermore, DAC clearly failed to comply with the requirement of Rule 45 that witness and mileage fees be tendered to the witness when the subpoena is served. DAC argues that it cured any defect by subsequently tendering the fees. This late tender may justify compelling Burkart to attend his deposition subsequent to the tender but does not justify imposing sanctions against him for failing to appear on a date prior to that tender. The rule is clear that a witness is entitled to the fees before appearance is compelled. *In re Food Supplement Co., Inc.*, 33 B.R. 188, 189 (Bankr.S.D.Fla.1983). The witness is not required to rely on the good faith of the party who subpoenas him to pay the fees when he appears. When a party subpoenas a witness without tendering the fees, the party is assuming the risk that the witness will not appear and is not entitled to sanctions when that occurs. Therefore, DAC is not entitled to sanctions against Burkart.

At the expense of stating the obvious, the Court feels compelled to point out to counsel how this entire matter could have been handled with a modicum of common courtesy and professionalism, thereby avoiding unnecessary delay in the litigation, expense to the clients, and use of the Court's time. Before Burkart was subpoenaed, DAC's counsel should have contacted Plaintiffs' counsel and/or Burkart to inquire about convenient times for the deposition. When Plaintiffs' counsel learned Burkart had an out-of-town business engagement, he should have notified DAC's counsel and advised him of the conflict and sought a mutually convenient time for the taking of the deposition. If Plaintiffs' counsel intended to insist upon actual delivery of the subpoena to the witness along with a tender of fees, he should have informed DAC's counsel of his intentions so that the problems with service could have been cured as soon as possible. Finally, having learned of the issues regarding the validity of service, the parties could have agreed to forego these motions, cure the defects, and go forward with the depositions.

Based on the foregoing, DAC's Motion for Sanctions [24–1] and to Show Cause [24–2] is hereby **DENIED**. Plaintiffs' request of attorney's fees and expenses is also **DENIED**.