OPINION
{¶ 1} Appellant, ATOFINA Petrochemicals, Inc. ("ATOFINA"), appeals from the judgment of the Franklin County Court of Common Pleas compelling it to comply with the subpoena appellee, Perfection Corporation ("Perfection"), initiated. For the following reasons, we reverse.
 {¶ 2} On January 10, 2003, Perfection petitioned the trial court for the issuance of a subpoena duces tecum ordering that ATOFINA tender certain documents, and that ATOFINA choose and provide a corporate representative to give deposition testimony pursuant to Civ.R. 30(B)(5). In its petition, Perfection stated that it sought the subpoena so that it could discover evidence relevant to a Louisiana action in which it was a defendant.
 {¶ 3} The trial court granted Perfection's petition, and the subpoena was served upon the Columbus office of CT Corporation, ATOFINA's Ohio statutory agent, on January 14, 2003. The subpoena ordered ATOFINA to provide the designated documents and a corporate representative to testify regarding the designated topics at the Columbus offices of the Arter Hadden law firm on January 24, 2003. Perfection did not tender witness fees along with the subpoena.
 {¶ 4} Rather than provide the documents and representative as ordered in the subpoena, ATOFINA's attorneys sent Perfection's attorneys a letter claiming that the subpoena was defective and unenforceable. Nevertheless, the letter also included an offer to produce the documents by February 7, 2003, and the corporate representative by February 14, 2003. Dissatisfied with ATOFINA's offer, Perfection filed a motion to compel on January 24, 2003. ATOFINA, in turn, filed a motion to quash.
 {¶ 5} On January 29, 2003, both ATOFINA and Perfection appeared before the trial court for a hearing regarding their dispute over the subpoena. At the conclusion of the hearing, the trial court issued a judgment granting Perfection's motion to compel and ordering ATOFINA to comply with the subpoena.
 {¶ 6} Instead of complying with the subpoena, ATOFINA filed a motion for reconsideration and, when the trial court did not rule upon that motion, a notice of appeal. ATOFINA then obtained from the trial court a stay of the January 29, 2003 order pending the outcome of the appeal.
 {¶ 7} While this matter was pending before this court, Perfection served upon ATOFINA a second subpoena, identical in substance to the subpoena at issue in this matter. However, unlike the instant subpoena, the second subpoena was issued by a Texas court and served upon ATOFINA at its headquarters in Houston, Texas. Additionally, the second subpoena was issued in connection with litigation in the United States District Court for the Northern District of Ohio ("the district court"), not the action in the Louisiana state court.
 {¶ 8} ATOFINA complied with this second subpoena by providing Perfection the requested documents, as well as designating a corporate representative and producing him for a deposition on July 16, 2003. Based upon ATOFINA's compliance with the Texas subpoena, Perfection filed a motion in this court requesting that we dismiss ATOFINA's appeal as moot.
 {¶ 9} Before we can consider the merits of ATOFINA's appeal, we must address Perfection's motion to dismiss. In essence, Perfection argues in its motion that ATOFINA's compliance with the Texas subpoena waives any objection ATOFINA had to the instant subpoena because the two subpoenas are substantively identical. We disagree.
 {¶ 10} Generally, courts will not resolve issues that are moot. Nextel West Corp. v. Franklin Cty. Bd. of Zoning Appeals,
Franklin App. No. 03AP-625, 2004-Ohio-2943, at ¶ 10. An action is "moot" when it does not involve a genuine controversy, the resolution of which could affect existing legal relations. GroveCity v. Clark, Franklin App. No. 01AP-1369, 2002-Ohio-4549, at ¶ 11, quoting Culver v. City of Warren (1948), 84 Ohio App. 373,393. Courts will not decide purely academic or abstract questions, or declare principles or rules of law that cannot affect the matter in issue. BECDIR Constr. Co. v. Proctor
(2001), 144 Ohio App.3d 389, 393, quoting State ex rel. ElizaJennings, Inc. v. Noble (1990), 49 Ohio St.3d 71, 74.
 {¶ 11} On first blush, this appeal appears moot given that ATOFINA necessarily complied with the instant subpoena by supplying documents and testimony in response to a substantively identical subpoena. However, Perfection maintains that ATOFINA did not fully satisfy its obligations under the Texas subpoena,[1] and thus, Perfection refuses to relieve ATOFINA from its duty to comply with the instant subpoena. Accordingly, a genuine controversy still exists regarding whether Perfection may enforce the instant subpoena to obtain the information to which Perfection claims it is still entitled.
 {¶ 12} Furthermore, ATOFINA's compliance with the Texas subpoena did not waive its procedural or jurisdictional objections to the instant subpoena. Unlike objections to the substance or nature of the information requested, objections to process and jurisdiction are individual to the instant subpoena and can invalidate it, regardless of whether ATOFINA has already provided the requested information. In other words, production of the requested information waived any objection to the substance or nature of information sought by both subpoenas,[2] but not the procedural or jurisdictional objections unique to the particular subpoena.
 {¶ 13} Accordingly, we deny Perfection's motion to dismiss.
 {¶ 14} Consequently, we now turn to the merits of ATOFINA's appeal of the January 29, 2003 order compelling it to comply with the subpoena. By its appeal, ATOFINA assigns the following error:
The lower court erred in compelling Appellant ATOFINA Petrochemicals, Inc. ("ATOFINA") to comply with the subpoena of Appellee Perfection Corporation ("Perfection"), and in failing to quash that subpoena.
 {¶ 15} A trial court may exercise broad discretion in the regulation of discovery. 513 East Rich Street Co. v. McGreevy,
Franklin App. No. 02AP-1207, 2003-Ohio-2487, at ¶ 10; Kitchen v.Welsh Ohio, LLC, Franklin App. No. 01AP-1003, 2002-Ohio-4012, at ¶ 44. "[A]bsent an abuse of discretion, an appellate court must affirm a trial court's disposition of discovery issues." Stateex rel. The V Cos. v. Marshall Cty. Aud. (1998),81 Ohio St.3d 467, 469. See, also, Century Business Serv., Inc. v. Moore,
Cuyahoga App. No. 82378, 2003-Ohio-3809, at ¶ 9 (applying the abuse of discretion standard in an appeal of the trial court's order compelling compliance with a subpoena). The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 16} First, ATOFINA argues that the January 29, 2003 order is invalid because the trial court did not have the jurisdiction to issue the subpoena in the first place. In making this argument, ATOFINA relies upon two Ohio cases: Burgess v.Prudential Ins. Co. of Am. (June 29, 1988), Hamilton App. No. C-870225, and McGuire v. Draper, Hollenbaugh and Briscoe Co.,L.P.A., Highland App. No. 01CA21, 2002-Ohio-6170. We find that both of these cases are distinguishable from the case at bar. In both Burgess and McGuire, the plaintiffs attempted to compel corporations to produce specific out-of-state employees through subpoenas served upon the corporations' Ohio statutory agents. Because Civ.R. 45 requires service on an individual before he can be hailed into court in Ohio, both courts held that service upon the corporations' statutory agents did not effectuate service upon individual employees.
 {¶ 17} Here, like the plaintiffs in Burgess and McGuire,
Perfection served a subpoena upon a corporation's statutory agent. However, unlike the plaintiffs in Burgess and McGuire,
Perfection directed its subpoena at a corporation, not a specific out-of-state employee. Rather than hailing an out-of-state individual into an Ohio court, Perfection hailed a corporation registered to do business in Ohio into an Ohio court. Accordingly, neither Burgess nor McGuire supports ATOFINA's argument that the trial court lacked jurisdiction to issue the instant subpoena.
 {¶ 18} Further, ATOFINA's reliance upon federal case law to support its argument that the trial court lacked jurisdiction is similarly misplaced. Each of the federal cases ATOFINA relies upon construes provisions in Fed.R.Civ.P. 45 that do not appear in Ohio Civ.R. 45. Therefore, these cases have no bearing on the instant action.
 {¶ 19} Second, ATOFINA argues that the January 29, 2003 order is invalid because it compels disclosure of proprietary information to which the district court has already denied Perfection access. As we explained above, objections to the substance or nature of the information requested, such as objections that the information is proprietary, are waived by disclosure of the information in response to another subpoena. Thus, because ATOFINA already disclosed the information sought by the instant subpoena, ATOFINA has waived any objection that that information is proprietary.
 {¶ 20} Third, ATOFINA argues that the January 29, 2003 order is invalid because it compels compliance with an improperly served subpoena. ATOFINA asserts that Perfection violated the Civ.R. 45 requirements in two ways. First, ATOFINA alleges that Perfection failed to utilize any of the methods of service specified in Civ.R. 45. Second, ATOFINA alleges that Perfection failed to include the necessary fees with the subpoena.
 {¶ 21} Pursuant to Civ.R. 45(B):
Service of a subpoena upon a person named therein shall be made by delivering a copy of the subpoena to the person, by reading it to him or her in person, or by leaving it at the person's usual place of residence[.]
The parties do not dispute that the instant subpoena was neither read to a representative of ATOFINA in person nor left at ATOFINA's headquarters. Thus, whether or not the subpoena was properly served hinges upon whether a copy of the subpoena was "delivered" to ATOFINA.
 {¶ 22} As no Ohio court has addressed this issue, we turn to the federal courts to examine how they construe Fed.R.Civ.P.45(b), which, similarly to Ohio Civ.R. 45(B), specifies that service of a subpoena "shall be made by delivering a copy thereof to such person." First Bank of Marietta v. Mascrete, Inc.
(1997), 79 Ohio St.3d 503, 508 ("Though federal law is not controlling with regard to interpretation of the Ohio Rules of Civil Procedure, it can be instructive where, as here, the rules are similar.") Like Ohio Civ.R. 45(B), Fed.R.Civ.P. 45(b) is silent with regard to what constitutes "delivery" of a subpoena to a corporation. Therefore, federal courts have looked to Fed.R.Civ.P. 4 for guidance and have held that service of a subpoena on a statutory agent of a corporation constitutes proper "delivery" of a subpoena to the corporation. Ultradent Products,Inc. v. Hayman (Sept. 24, 2002), S.D.N.Y. App. No. M8-85 (RPP). See, also, In re Motorsports Merchandise Antitrust Litigation
(W.D.Va. 1999), 186 F.R.D. 344, 348 (because Fed.R.Civ.P. 45(b) "is silent with regard to what constitutes proper service of a subpoena on a corporation * * * the courts have looked to Rule 4 for guidance"); Khachikian v. BASF Corp. (Mar. 4, 1994), N.D.N.Y. App. No. 91-CV-573 ("[C]ourts have looked to Rule 4(d)(3) of the Federal Rules of Civil Procedure and have held that personal service of a subpoena is made upon a corporation by serving `[a]n officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service * * *'").
 {¶ 23} Looking to Ohio Civ.R. 4.2, we note that service may be accomplished upon a corporation "by serving the agent authorized by appointment or by law to receive service of process." Civ.R. 4.2(F). Accordingly, delivery of a subpoena to a corporation's statutory agent will accomplish proper service of the subpoena upon the corporation.
 {¶ 24} In the case at bar, Perfection had the instant subpoena served upon CT Corporation, ATOFINA's Ohio statutory agent. Thus, Perfection accomplished service of the subpoena upon ATOFINA in accordance with the Ohio Rules of Civil Procedure.
 {¶ 25} Civ.R. 45(B) also provides that:
If the witness being subpoenaed resides outside the county in which the court is located, the fees for one day's attendance and mileage shall be tendered without demand
ATOFINA resides in Houston, Texas, where it has its principal place of business. Western Express Co. v. Wallace (1945),144 Ohio St. 612, 618 ("the place of the principal office * * * is the domicile or residence of the corporation"). Thus, as ATOFINA resides outside of Franklin county, Rule 45(B) required Perfection to tender witness fees to ATOFINA without demandFuture Communications, Inc. v. Hightower, Franklin App. No. 01AP-1175, 2002-Ohio-2245, at ¶ 15.
 {¶ 26} Again, because Ohio law is sparse regarding whether a failure to tender fees invalidates a subpoena, we turn to the federal courts for guidance. A number of federal courts have held that failure to tender fees renders a subpoena defective. Smithv. Midland Brake, Inc. (D.Kan. 1995), 165 F.R.D. 683, 686;Coleman v. St. Vincent De Paul Soc. (E.D.Wis. 1992),144 F.R.D. 92, 94. Although this defect may be cured by tendering the fees after the service of the subpoena,[3] "[t]he rule is clear that a witness is entitled to the fees before appearance is compelled." Klockner Namasco Holdings Corp. v. Daily Access.com,Inc. (N.D.Ga. 2002), 211 F.R.D. 685, 687 (emphasis added). Therefore, we conclude that the trial court abused its discretion in ordering ATOFINA to comply with the subpoena when Perfection had not tendered witness fees.
 {¶ 27} Moreover, this conclusion is not altered by Perfection's alleged offers to pay the reasonable travel expenses of the ATOFINA witness or hold the deposition in Houston so that the ATOFINA witness would not have to travel a far distance. Pursuant to Civ.R. 45, a witness must receive compensation enabling him to make some payment for travel to the location designated in the subpoena, whether the distance be a few or a hundred miles. Further, Civ.R. 45 requires payment of the fees upfront so as not to leave a witness to rely solely on the good faith of the party who subpoenas him to pay the fees when he appears. See Klockner Namasco Holdings Corp., at 687.
 {¶ 28} Finally, ATOFINA argues that the January 29, 2003 order compelling compliance with the subpoena is invalid because ATOFINA never had the opportunity to file a written response to Perfection's motion to compel, and ATOFINA did not review the order Perfection prepared before the trial court judge signed it. As we have determined that the order to compel is in error because Perfection had not tendered fees, this argument is moot.
 {¶ 29} For the foregoing reasons, we sustain ATOFINA's assignment of error, but only to the extent that the January 29, 2003 order compelling compliance with the subpoena was in error because Perfection had not tendered witness fees to ATOFINA. Accordingly, we reverse the judgment of the Franklin County Court of Common Pleas and remand this cause to that court to vacate its January 29, 2003 order.
Motion denied; judgment reversed and cause remanded.
Lazarus, P.J., and Watson, J., concur.
[1] Specifically, Perfection maintains that ATOFINA has not provided a corporate representative that is competent to testify regarding all the issues designated in the subpoena. Perfection, however, represented to this court that it is satisfied with ATOFINA's document production.
[2] Objections to the substance or nature of the subpoenaed information include the objection that the subpoenaed information is proprietary. We address below ATOFINA's objection to the instant subpoena on the basis that it requests proprietary information.
[3] Hightower, supra, at ¶ 15; PHE, Inc. v. Dept. ofJustice (D.D.C. 1991), 139 F.R.D. 249, 255 ("[T]o the extent that the failure to accompany the Rule 45 subpoena to the Postal Service with a check rendered the subpoenas technically defective, the subsequent tender of the check corrected any deficiency * * *"); Meyer v. Foti (E.D.La. 1989), 720 F. Supp. 1234,1244 (recognizing that the subpoena was invalid because no fee was tendered, but concluding that such "technical defect may be cured").