[Cite as *Davie v. Nationwide Mut. Ins. Co.*, 2015-Ohio-104.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101285**

**MICHAEL DAVIE**

PLAINTIFF-APPELLANT

vs.

**NATIONWIDE MUTUAL INSURANCE
CO., ET AL.**

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-793284

**BEFORE:** Stewart, J., Celebrezze, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** January 15, 2015

**FOR APPELLANT**

Michael Davie, pro se
11811 Shaker Blvd., Suite 314
Cleveland, OH 44120


**ATTORNEY FOR APPELLEE**

Gregory E. O'Brien
Cavitch, Familo & Durkin Co., L.P.A.
1300 East Ninth Street, 20th Floor
Cleveland, OH 44114


**ATTORNEY FOR ERICA DAVIE**

Donald R. Murphy
12800 Shaker Blvd., Suite 200
Cleveland, OH 44120

MELODY J. STEWART, J.:

**{¶1}** Plaintiff-appellant Michael Davie was injured through the fault of an uninsured motorist. He made a claim for the compensation of injuries he suffered in the accident under an uninsured motorists policy issued by his insurer, defendant-appellee Nationwide Insurance Company of America (incorrectly identified in the case caption as "Nationwide Mutual Insurance Company"). Acting pro se at trial, Davie presented a case with no expert medical testimony to prove that his injuries were proximately caused by the accident. The court directed a verdict for Nationwide on that basis, noting that Davie offered testimony that he was receiving treatment for "soft tissue" injuries some two years after the accident without offering expert opinion to show how the treatment was related to the accident. Although Davie assigns seven errors for review, the directed verdict and a ruling in limine tentatively barring him from offering expert testimony for witnesses for whom no expert report had been provided are the issues upon which all else depends in this appeal.

**{¶2}** Prior to trial, Nationwide filed a motion in limine seeking, among other things, to prohibit Davie from introducing testimony from certain medical doctors for whom no expert report had been filed. The court granted that aspect of the motion in limine, stating "no expert witness may testify without satisfying Loc.R. 21.1 as to expert report." Davie presented his case without expert testimony. When Nationwide asked the court to direct a verdict in its favor, Davie objected on grounds that the court would not allow him to offer expert testimony. The court disagreed, stating that it did not foreclose the possibility that Davie might offer a treating physician's testimony as a fact witness, including any expert opinions that may be found in the treating physician's records. The court told Davie that if he had an expert witness for whom an expert report was not required, he did not disclose that witness to the court prior to trial. Davie argues that the court erred by refusing to allow his expert witnesses to testify.

**{¶3}** Loc.R. 21.1 of the Court of Common Pleas of Cuyahoga County, General Division, governs witnesses who are expected to be called to testify at trial. Part I of the rule applies to expert witnesses and states that counsel are instructed to exchange, "in advance of the trial," the reports of medical and expert witnesses expected to be called at trial. If a party fails to exchange the report of an expert, that witness may be excluded from testifying. Loc.R. 21.1(A) and (B). In some circumstances, an expert report is unnecessary. Loc.R. 21.1(C) provides: "In the event the non-party expert witness is a treating physician, the Court shall have the discretion to determine whether the hospital and or office records of that physician's treatment which have been produced satisfy the requirements of a written report."

**{¶4}** Davie did not provide any expert reports prior to trial, but he did disclose as witnesses his treating physicians and his intent to introduce his medical records as evidence. Nationwide filed a motion in limine to bar him from offering any expert testimony at trial; specifically including the treating physicians as being encompassed by the motion, but only insofar as a physician testifying "as an expert." Davie opposed the motion in limine by noting that Loc.R. 21.1(C) gave the court discretion to consider whether the office or hospital records of treating physicians that have been produced to the opposing party satisfy the requirements of a written report.

**{¶5}** When the court granted the motion in limine, it ruled that "no expert witness may testify without satisfying Loc.R. 21.1 as to expert report." Although supportable under Loc.R. 21.1, the court's ruling did not clearly address Davie's argument in opposition to the motion — whether he could use conclusions contained in his treating physicians' records as expert opinion. That failure to address this argument loomed when the court considered Nationwide's motion for a directed verdict on grounds that Davie failed to offer expert testimony on proximate cause.

The court told Davie that its ruling granting the motion in limine did not "exclude any expert witnesses." The court went on to state, "I ruled that you had to follow Local Rule 21.1 as providing an expert's report on expert testimony. That rule does provide for treating physicians. If the expert testimony is found inside the treating physician's records, that may suffice."

{¶6} Davie pointed out to the court that its order appeared to clearly prohibit him from offering any expert opinion in his case for failure to file expert reports, in spite of his reliance on Loc.R. 21.1(C) that he did not need to provide a separate report because he was using his medical records. The court seemed to believe that Davie sought only to offer testimony from experts for whom a written report was required, indeed, the court appeared to chastize him for not appreciating the difference.

{¶7} There was no failure on Davie's part to appreciate the difference between providing an expert report or finding that medical records satisfy the requirements of an expert report. Davie told the court that he did raise Loc.R. 21.1(C) as a basis for having his medical records considered in lieu of a separate report: a claim that the court disputed. The court stated, "If you had expert opinion for which you claimed you didn't have to produce a separate report, you did not make that assertion to the Court." The record, however, amply supports Davie. His brief in opposition to Nationwide's motion in limine specifically mentioned Loc.R. 21.1(C) as a basis for the expert opinion. Although Davie could not immediately locate that brief in his file when asked by the court, the court told him, "[y]ou made it sound like the Court ruled that you couldn't produce any expert witnesses. That's not what my ruling was." The court went on to say, "[t]o the extent that you have a basis under 21.1 that you don't need a report, then you can come in that way."

{¶8} The court's reasoning was, in the narrowest sense, correct. As worded, the court's ruling on the motion in limine was legally correct: no expert witness could testify without an expert report. While it is true that the order did not specifically bar Davie from offering the testimony of a treating physician for whom medical records could satisfy the requirement of an expert report, the wording of the court's ruling would have appeared all-encompassing to a party who had raised the issue of Loc.R. 21.1(C). When Davie told the court that he understood the ruling as all-encompassing, the court told him that "it sounds like you did not correctly understand motions in limine." This was not the case. Davie fully understood the motion in limine and his response reflected that — it was the court's failure to address the substance of Davie's opposition to the motion in limine that led to his confusion.

{¶9} The lack of clarity in the court's order granting the motion in limine does not require reversal, however, because it is harmless. Davie told the court that "I was not able to find a medical record that would reach the conclusion that the injury * * * stem[med] from the accident." From this statement we have no choice but to conclude that even if Davie offered any of his treating physicians as a witness at trial, the medical records contained nothing that would constitute an expert opinion that his injuries were proximately caused by the accident. Statements in those records saying that Davie complained of injury after the accident were not sufficient to constitute an expert medical opinion on proximate causation. Expert opinions must be expressed to a degree of medical certainty, *State v. Benner*, 40 Ohio St.3d 301, 313, 533 N.E.2d 701 (1988). None of the medical records Davie offered into evidence meet that standard. So the lack of clarity in the court's ruling in limine was inconsequential because Davie's medical records were not of a sufficient quality to satisfy the requirements of a report on causation.

**{¶10}** With the absence of any expert testimony, we next consider whether the court erred by directing a verdict in Nationwide's favor on grounds that Davie failed to establish that his injuries were proximately caused by the tortfeasor.

**{¶11}** Davie made his claim under the uninsured motorists coverage provided by Nationwide. R.C. 3937.18(D) states that an insured seeking to recover under uninsured motorists coverage must "prove all elements of the insured's claim that are necessary to recover from the owner or operator of the uninsured or under insured motor vehicle." Davie's negligence claims thus required him to prove the existence of a duty, a breach of that duty, and that the breach proximately caused the injury or damage. *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984).

**{¶12}** The injuries that Davie allegedly suffered were "soft tissue" injuries to his neck, back, and shoulders. Because the tortfeasor's negligence was established, proximate causation was the contested element of Davie's negligence claim. In *Argie v. Three Little Pigs, Ltd.*, 10th Dist. Franklin No. 11AP-437, 2012-Ohio-667, the court found:

> "[W]here subjective, soft-tissue injuries are alleged, the causal connection between such injuries and the automobile accident alleged to have caused them is beyond the scope of common knowledge, and that such causal connection must be established by expert testimony." *Rogers v. Armstrong*, 1st Dist. No. C-010287, 2002-Ohio-1131 (Mar. 15, 2002). "Soft-tissue injuries like neck and back strains and sprains require expert testimony to establish a causal connection, because they are injuries that are 'internal and elusive, and are not sufficiently observable, understandable, and comprehensible by the trier of fact.'" *Lane v. Bur. of Workers' Comp.*, 2d Dist. No. 24618, 2012-Ohio-209, ¶ 60, *citing, inter alia, Wright v. Columbus*, 10th Dist. No. 05AP-432, 2006-Ohio-759, ¶ 19; *see also Maney v. Jernejcic*, 10th Dist. No. 00AP-483, 2000 Ohio App. LEXIS 5296 (Nov. 16, 2000) (soft-tissue injuries sustained in a rear-end collision are internal injuries that are usually unaccompanied by observable external injuries and, therefore, require expert medical testimony of causation).

*Id.* at ¶ 15.

**{¶13}** With Davie failing to offer expert testimony at trial on whether his soft tissue injuries were proximately caused by the tortfeasor's negligence, the court had no choice but to direct a verdict. Civ.R. 50(A)(4) states:

> When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion * * *.

**{¶14}** Davie admittedly did not offer expert testimony to show that his soft tissue injuries were proximately caused by the tortfeasor's negligence. This constituted a failure of proof on the issue of the uninsured motorist's claim and warranted the court directing a verdict in Nationwide's favor. This failure of proof renders all other claimed trial errors moot because they would not warrant a new trial when Davie failed to make a prima facie case of negligence.

**{¶15}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

FRANK D. CELEBREZZE, JR., A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR