[Cite as *Reese v. Ohio Dept. of Rehab. & Corr.*, 2025-Ohio-4748.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| LAMAR REESE<br><br>    Plaintiff<br><br>    v.<br><br>OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION<br><br>    Defendant | Case Nos. 2024-00557JD and<br>2024-00558JD<br><br>Magistrate Gary Peterson<br><br><u>DECISION OF THE MAGISTRATE</u> |

{¶1} Plaintiff, an inmate in the custody and control of defendant, brought this action for negligence alleging that defendant lost his medication after his property was packed up, resulting in him undergoing surgery to replace/repair his aorta. The case was referred to the undersigned magistrate and proceeded to trial.

{¶2} Plaintiff testified that his property was packed up, and following that event, he was missing his medication, Coreg. Plaintiff was unable to take his medication for 15 days. Plaintiff believes that because he was unable to take his medication for 15 days, he was required to have surgery to repair/replace his aorta. Plaintiff's Exhibits 1, 2, and 3.

{¶3} Plaintiff filed a number of motions prior to the trial, all of which were denied at the trial.[1] While plaintiff attempted to subpoena witnesses, none of the witnesses appeared for trial and there were no witness fees for attendance attached to the subpoenas. Counsel for defendant informed the court that its witnesses whom the plaintiff subpoenaed would not be attending due to the failure to tender the required fees. *See*

---

[1] September 9, 2025 motion to file a deposition, but no deposition was filed. September 5, 2025 motion to admit evidence and September 8, 2025 motion to admit evidence were premature as trial had not commenced when the motions were filed. Plaintiff subsequently moved three exhibits into evidence without objection (Plaintiff's Exhibit 1, 2, and 3.) September 9, 2025 motion for a jury trial. See R.C. 2743.11 "No claimant in the court of claims shall be entitled to have his civil action against the state determined by a trial by jury."

*Evans v. Ohio Dept. of Rehab. & Corr.,* 2018-Ohio-1035, ¶ 17 (10th Dist.), *citing A.O. Smith Corp. v. Perfection Corp.*, 2004-Ohio-4041, ¶ 26 (10th Dist.) ("The failure to tender fees renders a subpoena defective . . . A witness cannot be compelled to appear and give testimony if the required fees are not advanced to the witness.").

{¶4} After plaintiff completed his presentation of evidence, defendant moved for dismissal of plaintiff's claims under Civ.R. 41(B)(2). As explained below, the motion was well-taken.

{¶5} Civ.R. 41(B)(2) states, in part:

{¶6} "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of the plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. . . ."

{¶7} "In order to sustain an action for negligence, a plaintiff must show the existence of a duty owing from the defendant to the plaintiff or injured party, a breach of that duty, and that the breach was the proximate cause of resulting damages." *Sparre v. Ohio Dept. of Transp.*, 2013-Ohio-4153, ¶ 9 (10th Dist.).

{¶8} "Although a claimant may establish proximate cause through circumstantial evidence, 'there must be evidence of circumstances which will establish with some degree of certainty that the alleged negligent acts caused the injury.'" *Mills v. Best W. Springdale*, 2009-Ohio-2901, ¶ 20 (10th Dist.), quoting *Woodworth v. New York Cent. RR. Co.*, 149 Ohio St. 543, 549 (1948). "It is well-established that when only speculation and conjecture is presented to establish proximate causation, the negligence claim has failed as a matter of law." *Harris v. Ohio Dept. of Rehab. & Corr.,*

2013-Ohio-5714, ¶ 15 (10th Dist.). "Generally, where an issue involves a question of scientific inquiry that is not within the knowledge of a layperson, expert testimony is required." *Id.* at ¶ 16, citing *Stacey v. Carnegie-Illinois Steel Corp.*, 156 Ohio St. 205 (1951). "Where complicated medical problems are at issue, testimony from a qualified expert is necessary to establish a proximate causal relationship between the incident and the injury." *Tunks v. Chrysler Group LLC*, 2013-Ohio-5183, ¶ 18 (6th Dist.).

{¶9} Where a causal nexus between a breach of duty and an alleged injury is clear, there is no need for expert testimony in a personal injury claim. *Pietrangelo v. Hudson*, 2023-Ohio-820, ¶ 25 (8th Dist.). However, where personal injury involves internal complexities of the body not so apparent to be a matter of common knowledge, expert testimony is necessary to establish proximate cause of current injuries. *Id.*; s*ee Corwin v. St. Anthony Med. Ctr.*, 80 Ohio App.3d 836, 840-841 (10th Dist. 1992) ("Where the permanency of an injury is obvious, such as the loss of an arm, leg or other member, the jury may draw its own conclusions as to the measure of damages; however, where an injury is not obvious, there must be expert evidence as to the damage sustained, the probability of future pain and suffering or the permanency of the injury."); *Schadhauser v. Ohio Dept. of Rehab. & Corr.*, 2018-Ohio-3282, ¶ 11 (10th Dist.) ("In general, an issue that involves a question of scientific inquiry that is not within the knowledge of [a] layperson is an issue that requires expert testimony to prove . . . the mechanisms for contracting specific medical conditions typically are not within the knowledge of a layperson."); *Wright v. Columbus*, 2006-Ohio-759, ¶ 19 (10th Dist.) (expert testimony is required to establish proximate cause of an alleged injury where the alleged injuries are internal and elusive, and are not sufficiently observable, understandable, and comprehensible by the trier of fact such that the question of the causal connection between the breach of duty and the alleged injury is peculiarly within the scope of expert scientific inquiry).

{¶10} The type of damage that plaintiff alleges to have suffered is not sufficiently observable, understandable, or comprehensible to a layperson and is uniquely within the

scope of expert scientific inquiry.[2]  Because plaintiff has alleged that he suffered significant cardiac damage that required surgery and future medical treatment as a result of missing several doses of his medication, plaintiff was required to establish proximate cause of such damage with expert medical testimony.  The mechanisms of Coreg and aortic injuries and any proximate cause thereof are internal, elusive, and not sufficiently observable, understandable, or comprehensible to a layperson.  While plaintiff argues that the medical records establish a causal connection, the only medical record submitted does not establish any connection between the missing medication and proximate cause of any injuries.  Moreover, the law is clear that expert testimony is required.  *See Davie v. Nationwide Mut. Ins. Co.*, 2015-Ohio-104, ¶ 9 (8th Dist.) (expert testimony must be expressed to a degree of medical certainty and medical records generally do not meet that standard).  Plaintiff has offered only speculation and conjecture to support proximate cause in this matter.

{¶11} Given the absence of expert testimony in this action, plaintiff has shown no right to relief.  Accordingly, it is recommended that this action be dismissed pursuant to Civ.R. 41(B)(2).

{¶12} *A party may file written objections to the magistrate's decision within 14 days of the filing of the decision, whether or not the court has adopted the decision during that 14-day period as permitted by Civ.R. 53(D)(4)(e)(i).  If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed.  A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion within 14 days of the filing of the decision, as required by Civ.R. 53(D)(3)(b).*

_____
GARY PETERSON

---

[2] In plaintiff's response to defendant's motion for summary judgment, plaintiff agreed that expert testimony was required.

_____
Magistrate

**Filed September 12, 2025**
**Sent to S.C. Reporter 10/16/25**